**James Milton LEWIS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 77–1113.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 25, 1977.

Decided May 31, 1977.

James Milton Lewis, pro se.

Bert C. Hurn, U. S. Atty., and J. Whitfield Moody, Asst. U. S. Atty., Kansas City, Mo., on brief, for appellee.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

James Milton Lewis, proceeding *pro se,* appeals the district court's denial of his § 2255 motion and his subsequent Rule 59(e) motion.

Lewis was convicted of one count of possession of heroin with intent to distribute, one count of possession of heroin and cocaine with intent to distribute, and one count of distribution of heroin, in violation of 21 U.S.C. § 841(a)(1). His conviction was affirmed on appeal by this court in an unpublished opinion, *United States v. Lewis,* No. 73–1546 (8th Cir., Feb. 28, 1974).

Lewis subsequently filed a motion under Rule 60(b)(4) of the Federal Rules of Civil Procedure, which was construed by the district court as a motion to vacate sentence pursuant to 28 U.S.C. § 2255. In his motion, Lewis alleged that he was in custody unlawfully because the indictment failed to state an offense. Specifically, he contended that the Attorney General failed to properly republish the schedules of controlled substances as required by 21 U.S.C. § 812(a),[1]

1. 21 U.S.C. § 812(a) requires that schedules of controlled substances be republished "on a semi-annual basis during the two-year period beginning one year after the date of enactment of this subchapter * * *." The date of enactment was October 27, 1970. Although the

that because of this error there were no controlled substances, and that therefore his conviction under § 841(a)(1) was invalid.

The district court denied the motion on the basis that, at the time of the offenses in question, the schedules had been republished and that in the republished schedules heroin and cocaine were designated controlled substances. Final judgment denying the motion was entered on September 8, 1976.

On September 22, 1976, Lewis filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The district court, on November 8, 1976, denied the motion for two reasons: it was untimely, and it was meritless.

■ On December 16, 1976, Lewis filed a notice of appeal from the judgment denying the § 2255 motion to vacate sentence, and from the order denying the Rule 59(e) motion. This court lacks jurisdiction over Lewis' appeal from the denial of his § 2255 motion. The notice of appeal was not filed within sixty days of the entry of final judgment. Furthermore, the time for filing the notice of appeal was not tolled by the filing of the Rule 59(e) motion since that motion was not served within ten days of entry of final judgment. *See* F.R.A.P. 4(a).

■ We affirm the district court's denial of Lewis' Rule 59(e) motion. That mo-

tion was untimely and stated no basis for relief not already rejected by the district court in its order denying Lewis' § 2255 motion.[2]

We dismiss the appeal from the denial of the § 2255 motion and affirm the district court's denial of the Rule 59(e) motion.

---

courts considering the question disagree as to when the first republication was due, they agree that republication was due on April 27, 1972. *See, e. g., United States v. Bass,* 490 F.2d 846, 858 (5th Cir. 1974) [first republication due on October 27, 1971, next due on April 27, 1972]; *United States v. Nocar,* 497 F.2d 719, 723 (7th Cir.), *cert. denied,* 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 315 (1974) [first republication due on April 27, 1972]. In fact, the first republication occurred on April 20, 1971, to be effective May 1, 1971, and the next occurred on May 12, 1972, to be effective April 27, 1972.

2. We note that the claim set forth by Lewis in his § 2255 motion and reiterated in his Rule 59(e) motion is without merit. Even though there appears to have been a technical failure to timely republish the schedules on April 27, 1972, *see* n.1, *supra,* we subscribe to the view that "Congress [in adopting § 812] did not intend republication to serve as a reissuance of

the schedules, which if done improperly would cause those schedules to lapse and expire." *United States v. Monroe,* 408 F.Supp. 270, 274 (N.D.Cal.1976). Section 812 is directory, so that each schedule remains in effect until it is actually revised. *United States v. Bass, supra,* 490 F.2d at 858. Heroin and cocaine were designated as controlled substances in the April 20, 1971, republication as well as the May 12, 1972, republication.

Furthermore, the May 12, 1972, republication, which designated heroin and cocaine as controlled substances, was in effect on the dates on which the offenses were committed; that is, on July 7, August 1, and August 21, 1972. Therefore, dismissal of the indictment was not required. *See United States v. Mundt,* 508 F.2d 904 (10th Cir. 1974), *cert. denied,* 421 U.S. 949, 95 S.Ct. 1682, 44 L.Ed.2d 103 (1975); *United States v. Nocar, supra,* 497 F.2d 719.