**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**VALDOSTA–LOWNDES COUNTY**
**HOSPITAL AUTHORITY,**
**Defendant-Appellee.**

No. 80–9078.

United States Court of Appeals,
Eleventh Circuit.

Feb. 3, 1982.

Susan J. Herdina, William Kanter, Civil Division, Dept. of Justice, Washington, D. C., for plaintiff-appellant.

John R. Bennett, Valdosta, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, JOHNSON and ANDERSON, Circuit Judges.

GODBOLD, Chief Judge:

Judgment in favor of Valdosta-Lowndes County Hospital Authority was entered October 30, 1980. Thirteen days later the government filed a motion for judgment NOV. The government then filed its notice of appeal December 24, 1980 while the JNOV motion was still pending. August 24, 1981 the district court "disallowed" the JNOV motion, ruling that the motion was not filed within ten days of judgment as required by F.R.Civ.P. 50(b). No subsequent notice of appeal has been filed. Appellee has moved for dismissal of the appeal, arguing that the government's notice of appeal was premature.[1]

Briefly stated, FRAP 4(a)(4) nullifies the effect of any notice of appeal filed before the disposition of specified posttrial motions and requires that a new notice of appeal be filed after disposition of those motions. This matter turns on whether this portion of Rule 4(a)(4) applies when the posttrial motion is not timely made.[2] This issue appears to be one of first impression in the federal courts.

FRAP 4(a)(4) reads:

If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such

motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above. No additional fees shall be required for such filing.

On its face, Rule 4(a)(4) is susceptible of two interpretations. In favor of the government, it could be read as predicated in its entirety on the filing of a *timely* posttrial motion. Thus, the second and third sentences would mean:

A notice of appeal filed before the disposition of any of the above [timely] motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the [timely] motion as provided above.

A plausible alternative reading, in favor of the appellee, is that a notice of appeal filed during the pendency of a posttrial motion is ineffective regardless of the timeliness of the motion. This reading is suggested by a careful dissection of the language. Only the first sentence of Rule 4(a)(4), which speaks to tolling of the time for appeal, specifies a *timely* motion. Furthermore, while the first sentence refers to the "granting or denying" of the motions, the second and third sentences apply more broadly to the "disposition" of the motions, indicating that perhaps the latter part of the rule was intended to apply to dismissals of posttrial motions for time defects as opposed to simply granting or denying the motions on their merits.

---

1. Appellee also moves for dismissal on the grounds that appellant's brief has not been filed within 40 days of filing of the record. *See* FRAP 3(a), (c). It appears, however, that the record has not yet been filed.

2. Prior to the 1979 enactment of Rule 4(a)(4) the requirement of a postdisposition filing was not enforced unless prejudice was shown or substantial rights were affected. *Stokes v. Peyton's Inc.*, 508 F.2d 1287 (5th Cir. 1975). The current Rule 4(a)(4) has been held to overrule *Stokes*. *Williams v. Bolger*, 633 F.2d 410, 412–13 & n.2 (5th Cir. 1980); *see Offshore*

*Logistics Services v. Arkwright-Boston Manufacturers Mutual Ins. Co.*, 639 F.2d 1142, 1143–44 n.2 (5th Cir. 1981). *But see Tose v. First Pennsylvania Bank, N.A.*, 648 F.2d 879, 882 n.2 (3rd Cir. 1981) (continuing to treat the refiling requirement as nonjurisdictional and applying equitable principles); 9 J. Moore, Federal Practice ¶ 204.14, at 118–19 & nn.23–26 (advocating nonjurisdictional rule). We are bound by the holding of the former Fifth Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 & n.5 (11th Cir. 1981) (en banc).

To resolve this ambiguity in the language of the rule we resort first to the comments of its drafters. The Advisory Committee Notes explain the rule's principal purpose:

> Since ... immediately upon the filing of the notice of appeal the fees will be paid and the case docketed in the court of appeals, and the steps towards its disposition set in motion, it would be undesirable to proceed with the appeal while the district court has before it a motion the granting of which would vacate or alter the judgment appealed from.

If a posttrial motion is dismissed because untimely filed, it does not "vacate or alter the judgment." With untimely motions, then, there is not the same potential for disruption of the appellate process as with timely motions. Therefore, nullifying an initial notice of appeal and requiring a refiling is not necessary to effectuate the rule's primary purpose in these circumstances.[3]

Further examination of the Advisory Committee Notes demonstrates that it was contemplated that only timely posttrial motions would require refiling:

> The present rule, ... is ambiguous in its application to a notice of appeal filed prior to a post trial motion *filed within the 10 day limit.* The amendment would make it clear that *in such circumstance* that appellant should not proceed with the appeal during pendency of the motion but should file a new notice of appeal after the motion is disposed of. (Emphasis added).

An additional reason to adopt the government's construction of Rule 4(a)(4) is that the contrary construction might unfairly deprive a party of any chance of appeal, no matter how diligent the party is in filing a notice of appeal. The facts of this case provide a prime example. The government's initial notice of appeal was filed within the 60 day period allowed it after entry of judgment.[4] It was not until eight months later that the government's motion for JNOV was ruled to be untimely. If the government's initial notice of appeal were to be nullified by its untimely motion, the refiling of a notice of appeal after disposition of the motion would not have perfected appeal, for an untimely posttrial motion does not toll the running of the 60 day period for appeal, *Browder v. Director, Illinois Department of Corrections*, 434 U.S. 257, 265, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978). Thus, under the appellee's construction, the government would have had no opportunity to file a proper notice of appeal. We doubt that this result was intended by the drafters of the rule. The only practical way to avoid this clear injustice is to construe Rule 4(a)(4) as predicated in its entirety on a timely filing of one of the named posttrial motions.[5] Counselled by the Advisory Committee Notes and principles of fairness, we adopt this interpretation. *Accord,* 9 J. Moore, Federal Practice ¶ 204.12[2], at p. 80; ¶ 204.14, at p.120 (1980). We hold that because the government's motion for JNOV was found to be untimely the initial notice of appeal was not

---

**3.** A secondary purpose of requiring a subsequent filing of a notice of appeal is that a notice of appeal filed before the disposition of a posttrial motion would not embrace objections to that disposition. Admittedly this purpose would not be advanced under the construction we adopt. The considerations discussed in the text of the opinion are stronger ones than this secondary purpose, however. Moreover, should the litigant wish to appeal the disposition of an untimely posttrial motion, there is always the option to file a second notice of appeal directed toward this matter.

**4.** FRAP 4(a)(1). The normal period is 30 days in cases where the United States is not a party.

**5.** We do not consider a motion to extend the time for appeal under FRAP 4(a)(5) to be a practical solution. Such a motion must be made within 30 days after the expiration of the normal time for appeal, and any extension cannot exceed 30 days or 10 days from the granting of the motion to extend, whichever occurs later. This relief could only have been effective, then, if the motion to extend time were filed contemporaneously with the motion for JNOV, but were not granted until eight months later when the JNOV motion was dismissed. This requires the movant to anticipate that his motion will ultimately be held to be untimely, and requires the parties and the court to execute their roles with an unnecessary degree of precision.

nullified and therefore no subsequent notice of appeal was required by FRAP 4(a)(4).

Our holding raises a concern that we need not address at this time. Because the initial notice of appeal is not nullified under Rule 4(a)(4), it could be contended that the notice acts to transfer jurisdiction to the court of appeals at the time it is filed, thereby depriving the district court of jurisdiction to rule on the posttrial motion. *See generally and compare, U. S. v. Hitchman,* 602 F.2d 689 (5th Cir. 1979) (en banc) (rejecting the divestment of jurisdiction doctrine where the notice of appeal is manifestly a nullity). We do not reach this issue because the government has not sought to appeal the district court's dismissal of the posttrial motion.

Motion to dismiss DENIED.