Frank GIBBS, Jr., Plaintiff-Appellant,

v.

MAXWELL HOUSE, a DIVISION OF GENERAL FOODS CORPORATION, Defendant-Appellee.

No. 82–3160.

United States Court of Appeals, Eleventh Circuit.

March 25, 1983.

Deitra Micks, Jacksonville, Fla., for plaintiff-appellant.

John A. Ricca, Sr. Labor Atty., Gen. Foods Corp., White Plains, N.Y., for defendant-appellee.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

BY THE COURT:

In this civil rights action, we grant defendant Maxwell House's motion to dismiss plaintiff Gibbs' appeal for lack of a timely notice of appeal. On October 12, 1982 the district court dismissed Gibbs' action. Purporting to invoke both Fed.R.Civ.P. 59 and 60, Gibbs on October 22nd filed a timely "Motion for Reconsideration and Relief from Order of Dismissal." On November 10th, before the district court had ruled on his motion, Gibbs filed a notice of appeal from the dismissal order. On November 24th, the district court denied Gibbs' October 22nd motion. Finally, on January 24, 1983 Gibbs filed with the district court a motion for an extension of time to file a second notice of appeal, which the court denied.

The difficulty with this case is that Gibbs brought the October 22nd motion pursuant to two federal rules, Fed.R.Civ.P. 59 and 60, which for purposes of the issue presented would require opposite results if applied separately. If Gibbs had filed simply a Rule 59 motion to alter or amend the judgment, clearly no timely notice of appeal would exist. Under Fed.R.App.P. 4(a)(4), a notice of appeal filed before the district court decides a Rule 59 motion is a nullity.

> A notice of appeal filed before the disposition of [a Rule 59] motion shall have no effect. A new notice of appeal must be filed within the prescribed time [30 days] measured from the entry of the order disposing of the motion....

Citing the mandatory language of Rule 4(a)(4), the Supreme Court has directed that the Rule must be applied literally. *See Griggs v. Provident Consumer Discount Co.,* —— U.S. ——, —— ——, 103 S.Ct. 400, 403–04, 74 L.Ed.2d 225, 229–30 (1982). *See also Williams v. Bolger,* 633 F.2d 410, 412–13 (5th Cir.1980). *See generally* 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice,* ¶ 204.12[1] at 4–64—4–65 & n. 17 (2d ed. 1982). Since Gibbs did not file a notice of appeal within 30 days after the November 24th order denying Gibbs' motion, the district court denied an extension of time, and the earlier notice of appeal was a nullity, the appeal would have to be dismissed.

If, on the other hand, the October 22nd filing was exclusively a Rule 60 motion for relief from the judgment, the appeal would be timely. Unlike a Rule 59 motion, a Rule 60 motion does not postpone the time for filing a notice of appeal and therefore does not necessitate the filing of a new notice of appeal. Fed.R.App.P. 4(a)(4) by its very terms does not apply to Rule 60 motions, but to motions brought under specified rules of which Rule 60 is not one. With a Rule 60 motion, as long as the appellant filed the notice of appeal within 30 days of the order dismissing the case, the appeal is timely, even though the Rule 60 motion is later ruled on by the district court.

The question here is whether the provisions of Fed.R.App.P. 4(a)(4) apply to a mixed motion which seeks both Rule 59 and Rule 60 relief. The rationale for the requirement of a new notice of appeal following the district court's disposition of the Rule 59 motion applies in such a situation. Rule 4(a)(4) insures that an appellate court will not be considering an appeal from a judgment while a district court is considering a Rule 59 motion to alter or amend the judgment. Since any notice of appeal filed before the district court decides the Rule 59 motion is ineffective, the court of appeals lacks jurisdiction until the Rule 59 motion is decided. A potential conflict between the two courts, both of whom would have the power to modify the same judgment, is avoided. *Griggs,* —— U.S. at ——, 103 S.Ct. at 403, 74 L.Ed.2d at 229. The filing of a new notice of appeal is desirable since it can embrace objections to the denial of the motion. Fed.R.App.P. 4(a)(4) advisory committee note. Similarly, here only a timely new notice of appeal could have concerned both the dismissal of the suit and the denial of the motion, thereby avoiding piecemeal appellate review.

More importantly, the language of Fed.R.App.P. 4(a)(4), when interpreted literally as the Supreme Court did in *Griggs,* requires the Rule's application in this case. The Rule, requiring a new notice of appeal, comes into play if a timely motion is filed "under Rule 59 to alter or amend the judgment." Such a motion was filed in this case. That the movant also asked for relief under another rule did not render Fed.R. App.P. 4(a)(4) inapplicable. In other words, if a Rule 59 motion, or any other motion to which Fed.R.App.P. 4(a)(4) applies, is filed, it is of no consequence that there may be other motions to which the Rule does not apply before the court. By invoking Rule 59 without complying with Rule 4(a)(4), Gibbs has failed to bring his appeal within the jurisdiction of this Court.

The motion to dismiss this appeal for lack of jurisdiction is

GRANTED.