**FLORIDA WOMEN'S MEDICAL CLINIC, INC., et al., Plaintiffs-Appellants,**

v.

**Jim SMITH, etc., et al., Defendants-Appellees.**

No. 82-5445.

United States Court of Appeals, Eleventh Circuit.

June 9, 1983.

Frances M. Farina, North Miami, Fla., for plaintiffs-appellants.

James A. Peters, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, Fla., for defendants-appellees.

Before RONEY and KRAVITCH, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

A few days before the oral argument in this case the appellees filed their motion to dismiss the appeal on the ground that this Court lacks jurisdiction by reason of F.R. A.P. Rule 4(a)(4). Since the time of filing a notice of appeal affects the jurisdiction of this Court, *Williams v. Bolger,* 633 F.2d 410 (5th Cir.1980), we are required to notice such a defect if it exists.

The chronology affecting this ground of appeal follows. The trial court entered the order appealed from on March 12, 1982. On March 25, 1982, appellants filed their motion to alter or amend judgment and memorandum in support thereof. On April 12, 1982, appellants filed their notice of appeal of the March 12 order. On July 15, 1982, the trial court ruled on the motion to alter or amend judgment by granting two requests contained in the motion and denying it in other respects. Appellants filed no subsequent notice of appeal.

The basis of appellees' motion is Rule 4(a)(4) of the Federal Rules of Appellate Procedure. This Rule provides in part:

A notice of appeal filed before the disposition of any of the above motions [including a Rule 59 motion to alter or amend judgment] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

The Supreme Court has ruled on this precise question in *Griggs v. Provident Consumer Discount Co.,* —— U.S. ——, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). The Court there stated:

Under the plain language of the current rule, a premature notice of appeal "shall have no effect;" a new notice of appeal "must be filed." In short, it is as if no notice of appeal were filed at all and if no notice of appeal was filed at all, the Court of Appeals lacks jurisdiction to act.

*See also U.S. v. Valdosta-Lowndes County Hospital Authority,* 668 F.2d 1177 (11th Cir. 1982) where this Court stated:

Briefly stated, F.R.A.P. 4(a)(4) nullifies the effect of any notice of appeal filed before the disposition of specified post-trial motions and requires that a new notice of appeal be filed after disposition of these motions.

668 F.2d at 1178.

This Court has most recently held that the filing of a Rule 59 motion brings Rule 4(a)(4) into play even though a Rule 60 motion is also filed simultaneously. *Gibbs v. Maxwell House, a Division of General Foods Corp.,* 701 F.2d 145 (11th Cir.1983).

Appellant contends that it actually filed a notice of appeal in a timely manner, because its brief, subsequently filed, set forth all of the facts which normally would be contained in a notice of appeal. Appellant cites no authority for the proposition that a court may eliminate entirely the requirement for the filing of a notice of appeal. Appellant's brief, filed in June, could not refer to the order which is the final order in the trial court, dated July 15.

It is clear that under the provisions of F.R.A.P. 4(a)(4) the appeal must be dismissed.

DISMISSED.