Gary Douglas JESTER,
Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 82–8754
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 6, 1983.

Peter J. Kelley, Ann Arbor, Mich., for plaintiff-appellant.

Joseph D. Newman, Asst. U.S. Atty., Savannah, Ga., for defendant-appellee.

Before HENDERSON, HATCHETT and CLARK, Circuit Judges.

PER CURIAM:

Gary Douglas Jester appeals the judgment of the district court denying his motion to vacate his sentence, filed pursuant to the provisions of 28 U.S.C. § 2255. Because he failed to comply with the requirements of Fed.R.App.P. 4(a), we dismiss the appeal.

In 1977, Jester pled guilty to nine counts of armed robbery, in violation of 18 U.S.C. § 2113. As a result, he was sentenced to a total of thirty years in prison. Then, in 1981, he filed this § 2255 motion challenging both the voluntariness of his plea and the procedural regularity of the plea and sentencing proceedings. In a detailed opinion, the district court rejected the appellant's various contentions. Accordingly, an order was entered on May 18, 1982 denying the requested relief. Almost two months later, on July 9, 1982, Jester filed a pleading styled "Motion for Reconsideration of and Evidentiary Hearing for Movant's Motion to Vacate Sentence." In an order entered on July 21, 1982, the district court denied that motion.

The record discloses no further motions filed by the appellant. However, on September 30, 1982, the district court entered an additional "order" in the case. In that memorandum, the judge described an *ex parte* discussion that took place, with the government's consent, between Jester's attorney and the judge. The conversation apparently centered on the appellant's progress toward rehabilitation. After summarizing the tenor of the conference, the judge concluded, "[i]n light of my discussion with Mr. Kelley, I have once again reviewed Mr. Jester's applications for § 2255 relief. I see no legal justification for any modification of my previous orders denying such relief." The court then added, "[h]is most recent motion is denied." Thereafter, on November 29, 1982, Jester filed a notice of appeal citing the district court's orders of May 18, July 21, and September 30, 1982.

In a § 2255 action, the time for filing a notice of appeal is governed by Fed.R.App.P. 4(a). *See* 28 U.S.C. foll. § 2255 Rule 11. Under Rule 4(a), when the United States is a party in the case, the notice must be filed within sixty days of the entry of judgment. *See Gribble v. Harris,* 625 F.2d 1173, 1174 (5th Cir.1980). Of course, Rule 4(a)(4) identifies certain post-trial motions which, if timely filed, will delay the running of the applicable time period until the district court's disposition of the request. *See Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521, 531 (1978). On the other hand, "an untimely posttrial motion does not toll the running of the 60-day period for appeal." *United States v. Valdosta-Lowndes County Hospital Authority,* 668 F.2d 1177, 1179 (11th Cir.1982); *see also Browder,* 434 U.S. at 265, 98 S.Ct. at 561, 54 L.Ed.2d at 531.

In this instance, a final judgment was entered on May 18, 1982. Jester did not file his "Motion for Reconsideration" until fifty-two days later. Whether construed as a motion to amend or make additional findings under Fed.R.Civ.P. 52(b), a motion for a new trial under Fed.R.Civ.P. 52(a), or a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e), the request was made well beyond the ten-day period prescribed for such motions.[1] *See Browder,* 434 U.S. at 261 n. 5, 98 S.Ct. at 559 n. 5, 54 L.Ed.2d at 529–30 n. 5. Therefore, it was untimely and did not delay the time for filing the notice of appeal. *Id.* at

---

1. Arguably, the pleading could even be denominated a motion for relief from judgment under Fed.R.Civ.P. 60(b). However, such a characterization would not benefit the appellant since such motions, unlike requests made pursuant to Rule 52(b) and Rule 59, do not postpone the time for appeal. *See Gibbs v. Maxwell House, a Division of General Foods Corp.,* 701 F.2d 145, 146 (11th Cir.1983).

264–65, 98 S.Ct. at 561, 54 L.Ed.2d at 531; *see also Lewis v. United States,* 555 F.2d 1360, 1362 (8th Cir.1977); *Rothman v. United States,* 508 F.2d 648, 651 (3d Cir.1975). Moreover, even if the motion had tolled the sixty-day period, the time would have begun running at the latest on July 21, 1982, the date on which the district court denied the request for reconsideration. Yet, Jester did not file the notice of appeal until November 29, 1982, long after the expiration of sixty days from July 21, 1982.

■ Despite having failed to perfect his right to appeal both the original judgment and the denial of reconsideration, Jester seems to argue that the judge's order of September 30, 1982 preserves his appeal. Since he filed his notice of appeal on the sixtieth day following the entry of that order Jester contends that, at a minimum, he is entitled to challenge that "decision." We cannot agree. Despite the district court's notation that the "motion is denied," the memorandum is not an appealable order. At most, the writing reflects an effort by the district court to memorialize an *ex parte* discussion with Jester's attorney, a conversation which apparently focused on the appellant's prospects for rehabilitation. This interpretation is buttressed by the fact that the record does not contain any written *motion,* as required by Fed.R.Civ.P. 7(b), that is even arguably the subject matter of the September 30, 1982 "order." As a result, there is no indication in the record as to what, if any, relief was requested and the grounds possibly asserted as a basis for the application. Under these circumstances, we cannot view the September 30, 1982 memorandum as anything more than a

statement for the record that the meeting occurred.[2]

In summary, the order of September 30, 1982 does not constitute a separate appealable judgment. Additionally, because the timely filing of a notice of appeal is jurisdictional, *see, e.g., Browder,* 434 U.S. at 264, 98 S.Ct. at 561, 54 L.Ed.2d at 531, we lack the authority to review the initial judgment and the denial of reconsideration. Accordingly, the appeal is

DISMISSED.

---

**2.** Even if we construed the September 30th "order" as a disposition of a motion for reconsideration, we would still be foreclosed from reviewing the earlier orders. Because the request would not have been presented to the district court within the time limitations of Rules 52 or 59, it would have to be treated as a motion for relief from judgment under Rule 60(b). *See* 6A *Moore's Federal Practice* ¶ 59.-04[7] (2d ed. 1983). As the courts have uniformly recognized, "an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Browder,* 434 U.S.

at 263 n. 7, 98 S.Ct. at 560 n. 7, 54 L.Ed.2d at 531 n. 7; *see also Jackson v. Seaboard Coast Line Railroad Co.,* 678 F.2d 992, 1021 (11th Cir.1982). Instead, an appeal in that posture restricts our review to whether the district court abused its discretion in refusing to set aside the original judgment. *See, e.g., Jackson,* 678 F.2d at 1020. Given the record's silence on whether Jester asserted one of the specified grounds warranting Rule 60(b) relief, it is difficult to conclude that the district court abused its discretion in denying such a motion.