**VAN WYK EL PASO INVESTMENT, INC., a corporation, Plaintiff-Appellee,**

**v.**

**DOLLAR RENT–A–CAR SYSTEMS, INC., a corporation, Defendant-Appellant.**

No. 83–1367
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1983.

Rehearing Denied Dec. 12, 1983.

Ronald J. Stading, El Paso, Tex., for defendant-appellant.

Raymond C. Caballero, El Paso, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

PER CURIAM:

Van Wyk El Paso Investments, Inc. seeks to dismiss the appeal of Dollar Rent-a-Car Systems, Inc. (Dollar Rent-a-Car), for lack of a timely notice of appeal. The motion to dismiss is granted.

On April 29, 1983, the trial court entered the judgment which is the subject of this appeal. On May 12, 1983, Dollar Rent-a-Car filed a Rule 52 motion for reconsideration of the judgment. Counsel for Dollar Rent-a-Car spoke with a law clerk by telephone on May 27 and was informed that the trial court had decided to deny the motion for reconsideration. On May 31, Dollar Rent-a-Car filed a notice of appeal of the April 29 order. The trial court's order denying the motion for reconsideration was entered June 8. Dollar Rent-a-Car filed no subsequent notice of appeal.

Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides:

If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party: . . . (ii) under Rule 52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; . . . the time for appeal for all parties shall run from the entry of the order denying a new trial or

granting or denying any other such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

The Supreme Court has held that under this rule a premature notice of appeal is ineffective. Without a timely notice of appeal, the appellate court lacks jurisdiction. *Griggs v. Provident Consumer Discount Co.,* —— U.S. ——, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982).

Likewise, this court has held that under the inflexible language of Rule 4(a)(4), a notice of appeal filed before the disposition of a Rule 59 motion to alter or amend the judgment cannot be the predicate for appellate review. *Williams v. Bolger,* 633 F.2d 410, 412–13 (5th Cir.1980). *Accord Beam v. Youens,* 664 F.2d 1275 (5th Cir.1982).

Dollar Rent-a-Car contends that it constructively gave notice of appeal after the June 8 entry of the order denying its motion. To support this contention, it points to numerous items that were filed with or received from the district court or appellate court in the course of attempting to perfect its May 31 notice of appeal. Only four of these items, however, fall within the Rule 4(a)(1) 30-day appeals period terminating on July 8, 1983: (1) a "Form of Appearance for Counsel" submitted to this court on June 9, 1983; (2) the district court's record of filing the transcript with this court on July 5, 1983; (3) this court's record of receipt and filing of the transcript on July 7, 1983; and (4) a July 8, 1983, letter from the clerk of this court transmitting the original record to Dollar Rent-a-Car's counsel.

■ This court has recognized that "the timely filing of a document, which is the equivalent of a notice of appeal, will satisfy the requirements of Rule 3 .... " *Stevens v. Heard,* 674 F.2d 320, 322 (5th Cir.1982). The document should accomplish the dual objectives of (1) notifying the court and (2) notifying opposing counsel of the taking of an appeal. *Cobb v. Lewis,* 488 F.2d 41, 45 (5th Cir.1974). Thus, in *Stevens,* a prisoner's motion for a Certificate of Probable Cause was held to be a legally sufficient document to constitute a notice of appeal. In *Cobb,* a petition for leave to appeal under 28 U.S.C. § 1292(b) was held to constitute a sufficient notice of appeal. In each of these cases, the new document was sufficient to accomplish the required notice functions within the proper time period. The documents filed in the case at bar, on the other hand, could be read as no more than steps in the perfection of the prematurely noticed appeal. For example, one court has recently rejected an appellate brief as a substitute for notice of appeal in a civil case. *See Florida Women's Medical Clinic, Inc. v. Smith,* 706 F.2d 1172, 1173 (11th Cir.1983).

A liberal construction of the requirements of Rule 3(a) cannot be allowed to nullify the plain provision of Rule 4(a)(4) that a premature notice of appeal "shall have no effect."

In light of the 1979 amendments which put Rule 4(a)(4) in its present form, *Griggs* rejected the proposition that the appellate court retains discretion to waive the conceded defect of a premature notice of appeal. 103 S.Ct. at 403. It is unclear whether the Court was referring to any "defects" beyond the prematurity of a notice of appeal. The dissent in *Griggs* reveals that the would-be appellant had sent two letters to the appellate court, with copies to opposing counsel, within the appeals period. One of the letters indicated an intent to file a new brief on the merits. The other provided a statement of the issues to be raised on appeal. Citing *Cobb,* Justice Marshall argued in dissent that these letters should have satisfied the notice of appeal requirement. *Id.* 103 S.Ct. at 405.*

■ We hold that even under the liberal constructions accorded the documents filed

* Justice Marshall also wrote: "Presumably, the majority's remand for 'further proceedings' will allow the Court of Appeals to consider whether respondent filed an effective notice of appeal."

*Id.* 103 S.Ct. at 404, n. 1. On remand, the appeals court dismissed the appeal without reference to the letters. *See* 699 F.2d 642 (3rd Cir.1983).

in *Cobb* and *Stevens,* Dollar Rent-a-Car has failed to give a timely notice of appeal. Of the four items listed above, only the Form for Appearance of Counsel could possibly be considered as giving timely notice that an appeal was being initiated by Dollar Rent-a-Car. We clearly cannot characterize memoranda and correspondence of the court, which connote no more than normal developments in the course of processing a premature appeal, as the equivalent of a timely notice of appeal. Nor can the Form for Appearance of Counsel be construed as the equivalent of notice of an independent appeal. Rule 3(a) dictates that "[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken." The Form for Appearance of Counsel which it filed fails to indicate whether Dollar Rent-a-Car is appellant or appellee. It does not refer to the final order of the trial court which is the subject of the appeal. It is a standard form that signifies no more than a usual step to tell this court who sponsors the premature notice of appeal which Rule 4(a)(4) says "shall have no effect." The appeal is

DISMISSED.