**TIDEMARK, INC., et al.,
Plaintiffs-Appellants,**

v.

**BRAZOS PORT TOWING CO., INC., et al., Defendants-Appellees.**

**No. 85–3054.**

United States Court of Appeals,
Fifth Circuit.

April 11, 1985.

---

Philip J. Foto, New Orleans, La., for plaintiffs-appellants.

Bailey & Leininger, Michael A. Lombard, Metairie, La., for defendants-appellees.

Before RUBIN, RANDALL and TATE, Circuit Judges.

PER CURIAM:

A "Motion to Appeal" filed within thirty days after entry of judgment is sufficient to lodge an appeal even though a document entitled "Notice of Appeal" is filed only after the time for appeal has run, for the misnomer is a mere "informality of form or title." The plaintiffs' "Motion to Appeal," properly filed within thirty days from the entry of the order denying a new trial, satisfies the requirements of Fed.R. App.P. 3(c) which dictates the essential elements of a Notice of Appeal, and the motion to dismiss the appeal is, therefore, denied.

Fed.R.App.P. 3(c) provides as follows:

The notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.... 'An appeal shall not be dismissed for informality of form or title of the notice of appeal.

The plaintiffs' Motion to Appeal contains all of the information specified in the Rule. It indicates that plaintiffs are taking the appeal; they are appealing from the adverse judgment rendered against them and the court's denial of their motion for a new trial; and the appeal is being taken to the Fifth Circuit. The document accomplishes the dual objectives of notifying both the court and opposing counsel of the appeal within the proper time period, and is, therefore, sufficient to satisfy the requirements of the Federal Rules.[1]

Because the plaintiffs filed a document that is the equivalent of a notice of appeal, they have complied with Fed.R.App.P. 3(c), and this, in turn, precludes any need for us to address the timeliness of the plaintiffs' later-filed "notice of appeal."

For these reasons, the motion of appellees to dismiss the appeal is DENIED.

---

1. *Van Wyk El Paso Investment, Inc. v. Dollar Rent-A-Car Systems, Inc.,* 719 F.2d 806, 807 (5th Cir.1983); *Stevens v. Heard,* 674 F.2d 320, 322 (5th Cir.1982); *Cobb v. Lewis,* 488 F.2d 41, 45 (5th Cir.1974).