**GREATER HOUSTON CHAPTER OF the AMERICAN CIVIL LIBERTIES UNION, et al., Plaintiffs-Appellees,**

v.

**Robert ECKELS, Defendant-Appellant.**

No. 84–2412.

United States Court of Appeals, Fifth Circuit.

May 28, 1985.

T. Gerald Treece, W. James Kronzer, Houston, Tex., for defendant-appellant.

Snow & Whitworth, Joellen Snow, Houston, Tex., Stefan Presser, Legal Director, Amer. Civ. Lib., Union of Pa., Philadelphia, Pa., for plaintiff-appellees.

Mark D. Stern, American Jewish Congress, New York City, for amicus curiae.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

Before GEE, JOHNSON and DAVIS, Circuit Judges.

PER CURIAM:

In his petition for rehearing, Eckels argues that the payment of filing and docket-

ing fees on July 27, 1984, plus the filing of an "Appeal Information Sheet" on August 20, 1984, amount to the "substantial equivalent of a notice of appeal."

In *Van Wyk El Paso Investment, Inc. v. Dollar Rent-A-Car Systems, Inc.*, 719 F.2d 806 (5th Cir.1983), we stated in response to the argument that a "Form for Appearance of Counsel" constituted the equivalent of a notice of appeal:

> Nor can the Form for Appearance of Counsel be construed as the equivalent of notice of an independent appeal. [Federal Rule of Appellate Procedure 3(c)] dictates that '[t]he notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order or part thereof appealed from; and shall name the court to which the appeal is taken.' The Form for Appearance of Counsel which it filed fails to indicate whether Dollar Rent-a-Car is appellant or appellee. It does not refer to the final order of the trial court which is the subject of the appeal. It is a standard form that signifies no more than a usual step to tell this court who sponsors the premature notice of appeal which Rule 4(a)(4) says 'shall have no effect.'

719 F.2d at 808.

The Appeal Information Sheet relied on by Eckels does not designate in any fashion what "judgment, order or part" is appealed from. It is clear that Eckels' opponent and the court were on notice of the appeal in this case, but we are bound by the requirements of Rule 3(c) and *Van Wyk*. "A liberal construction of the requirements of Rule [3(c)] cannot be allowed to nullify the plain provision of Rule 4(a)(4) that a premature notice of appeal 'shall have no effect.'" *Van Wyk*, 719 F.2d at 807. The petition for hearing is therefore DENIED. No member of the panel nor Judge in regular active service of this Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35), the suggestion for Rehearing En Banc is DENIED.