787 F.2d 591
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANDREW LUNA, Plaintiff-Appellant,
v.
FORD MOTOR CO., Defendant-Appellee.
ANDREW LUNA, Plaintiff-Appellee,
v.
FORD MOTOR CO., Defendant-Appellant.
 84-1819, 84-1872
 United States Court of Appeals, Sixth Circuit.
 3/10/86
 
 APPEAL DISMISSED
 E.D.Mich.
 ORDER
 BEFORE: KENNEDY, CONTIE and RYAN, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of Luna's response to the Court's show cause order. Ford has failed to respond.
 
 
 2
 A review of the record indicates that Luna's 42 U.S.C. Sec. 1981 claim was ruled upon on February 14, 1984, and his Title VII claim was ruled upon on April 30, 1984. The Rule 59(e), Federal Rules of Civil Procedure, motion for judgment notwithstanding the verdict or for new trial served and filed on May 10, 1984, tolled the appeals period. Rule 4(a)(4), Federal Rules of Appellate Procedure. The judgment entered July 2, 1984, did not close the case and initiate the appeals period because of the pendency of the Rule 59(e) motion. Luna's motion served and filed July 2, 1984, seeking assessment of pre-judgment interest can be treated as a timely served Rule 59(e), Federal Rules of Civil Procedure, motion. Stern v. Shouldice, 706 F.2d 742 (6th Cir.), cert. denied, 464 U.S. 993 (1983). As such, it tolled the appeals period. Rule 4(a)(4), Federal Rules of Appellate Procedure. An order was entered August 6, 1984, granting judgment notwithstanding the verdict and an order was entered September 19, 1984, ruling on Luna's motion for pre-judgment interest. The notice of appeal was due to be filed on or before October 19, 1984. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure. On November 8, 1984, an order was entered denying Luna's motion, filed on August 30, 1984, to amend the complaint. Luna's November 16, 1984, notice of appeal was 28 days late as it applied to the August 6, 1984, order. Ford's December 6, 1984, notice of appeal of the April 30, May 22, and July 2 orders was also filed out of time.
 
 
 3
 Although the Court has accepted Luna's argument that the motion for pre-judgment interest was a time-tolling Rule 59(e), Federal Rules of Civil Procedure; the other arguments presented in the response to this Court's order must be rejected. The September 6, 1984, order adjourning oral argument cannot be treated as a certification pursuant to Rule 54(b), Federal Rules of Civil Procedure. The order did not contain the certification required by Rule 54(b), Federal Rules of Civil Procedure. Even if the order had contained such a certification, the order did not contain reasons why this is an 'infrequent harsh case' which would allow for such certification. Solomon v. Aetna Life Insurance Co., ---- F.2d ----, Case No. 84-1860 (6th Cir. January 24, 1986). Counsel's statements at oral argument in district court on November 2, 1984, cannot be construed as a motion for extension of time, since it did not request an extension or make a showing of excusable neglect or good cause. Pryor v. Marshall, 711 F.2d 63 (6th Cir. 1983). Luna's statement in his August 21, 1984, brief in support of his motion seeking adjournment of oral argument indicated a nebulous future intent to file an appeal and should not be treated as a notice of appeal. Cf. G. Van Wyk El Paso Investment v. Dollar Rent-A-Car Systems, 719 F.2d 806 (5th Cir. 1983); Florida Women's Medical Clinic, Inc., v. Smith, 706 F.2d 1172 (11th Cir. (1983). Even if the statement in the August 21, 1984, brief was treated as a notice of appeal; it was premature since the Rule 59(e), Federal Rules of Civil Procedure, motion for pre-judgment interest was not decided until September 19, 1984. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982).
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Peake v. First National Bank and Trust Co. of Marquette, 717 F.2d 1016 (6th Cir. 1983).
 
 
 5
 It is ORDERED that appeal No. 84-1819 be and hereby is dismissed in part only as it applies to the August 6, 1984, order. Appeal No. 84-1819 is still pending as to a timely appeal from November 8, 1984 order. It is further ORDERED that appeal No. 84-1872 be and hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.