IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

PEOPLE OF THE VIRGIN ISLANDS,  )
          )
          Plaintiff,  )     **CRIMINAL No. ST-19-CR-119**
          )
      v.        )
          )     **2020 VI Super 65U**
SHAMARI ELMES,      )
          )
          Defendant.  )

## MEMORANDUM OPINION and ORDER

¶ 1    Before the Court is the People's Motion to Amend Information pursuant to Rule 3(d) of the Virgin Islands Rules of Criminal Procedure, filed April 24, 2020; and Defendant Shamari Elmes' Opposition to People's Motion to Amend Information in Part. The proposed First Amended Information seeks dismissal of eight specified counts and the revision of four counts to include an aiding and abetting element. For the reasons stated below, the Motion will be granted.

¶ 2    Defendant Elmes was arrested and originally charged in a 20-count Information filed May 21, 2019 with the following offenses: one count of Attempted First-Degree Murder, one count of Attempted Second-Degree Murder, two counts of Attempted First Degree Felony Murder, one count of Unauthorized Possession of a Firearm within a Thousand Feet of a Public Housing Community, two counts of First Degree Assault, two counts of Third Degree Assault, one count of Unauthorized Possession of a Firearm, one count of Unauthorized Possession of Ammunition, count of Reckless Endangerment in the First Degree, and eight counts of Using an Unlicensed Firearm during the commission of a violent felony.

¶ 3    The affidavit of VIPD Detective Jamaal Fleming supported the Information, setting out that Lessroy Gumbs (charged separately in ST-19-CR-120) arrived at the First-Stop Gas Station in Estate Thomas, St. Thomas, sometime just after midnight on May 7, 2019. Gumbs engaged in an unspecified verbal altercation with more than one individual in the vicinity, including James

2020 VI Super 65U

Nathaniel (charged separately in ST-19-CR-126). As the argument escalated, Gumbs and others at the scene, including Nathaniel, brandished firearms. Gumbs attempted to retreat to his vehicle, but he was pursued by several of the men, including Nathaniel. Deputy Marshal Junior Clarke, who was working a private security detail at the gas station, attempted to deescalate the situation. At that time, Defendant Elmes "brandished a black firearm and pointed it at Mr.Gumbs... Mr. Elmes then shot at Mr. Gumbs." Det. Fleming affid. ¶ 12. Elmes also fired shots toward the door of the gas station where Marshal Clarke was standing before fleeing to the adjacent Oswald Harris Court Housing Community. Marshal Clarke returned fire at Elmes, and Gumbs allegedly returned fire at Elmes. Nathaniel also "removed a black firearm from his waistband and ran in the direction of Oswald Harris Court Housing Community. Mr. Nathaniel is also observed emerging from the area of Oswald Harris Court firing a firearm at Mr. Gumbs. He [Nathaniel] then jumps the wall adjacent to the First Stop Gas Station heading towards First Stop Gas Station pointing a firearm at Mr Gumbs..." *Id.* ¶¶ 12-13. During the shoot-out, Elmes allegedly shot Marshal Clarke in the abdomen and Elmes was wounded in his foot.

¶ 4    The People's Motion   seeks to dismiss Counts One through Eight of the original Information; to renumber the remaining counts sequentially in the First Amended Information as Counts One through Twelve; and to add the element of aiding and abetting (14 V.I.C. Section 11(a)) to the assault charges set forth in Counts One (First Degree Assault), Three (First Degree Assault), Five (Third Degree Assault) and Seven (Third Degree Assault) of the proposed First Amended Information. Defendant Elmes does not object to the dismissal of the first eight counts of the original Information, or the renumbering of the remaining counts. However, Elmes does object to the inclusion of the element of aiding and abetting to the four assault counts.

¶ 5    V.I. R. Crim. P. 3(d) states: "[U]nless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding." Here, as the date for trial has yet to be set, and there has been no verdict or finding, the Information may be amended unless an additional or different offense is charged or a substantial right of Defendant Elmes is prejudiced.

¶ 6    The People assert that the addition of the aiding and abetting element to four counts of the First Amended Information does not result in an additional or different offense being charged and that the amendment would not result in prejudice to any substantial right of Defendant Elmes. Elmes counters, arguing that the proposed addition of an aiding and abetting element to those counts constitutes additional charges and different offenses from those charged in the original Information. Moreover, Elmes argues that the addition of the aiding and abetting element to these four counts would prejudice him as it expands the circumstances under which he could be found guilty of those crimes charged, permitting the jury to hold him accountable for the actions of another, a prospect for which he was provided no notice by the original Information.

¶ 7    Title 14 Virgin Islands Code Section 11(a) states: "[W]hoever commits a crime or offense or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." While Elmes argues that the inclusion of the aiding and abetting element constitutes additional or different charges against him, the fact is that the Amended Information charges the same crimes in these counts as does the original, and the inclusion of the aiding and abetting element does not result in any additional potential penalty on conviction, as Defendant Elmes has already been charged as a principal in each of the four counts, for each of which probable cause has been found.

¶ 9    The reference to the aiding and abetting statute does not add new or different charges, but simply provides an alternate means by which Defendant Elmes may be held accountable for the same offenses already charged. The Court finds that the inclusion of the aiding and abetting element in the Counts One, Three, Five and Seven of the First Amended Information does not constitute the charging of new or additional offenses beyond those that were included in the original Information.

¶ 10    As no new charges are being added, the proposed amendment shall be permissible if it does not prejudice a substantial right of Defendant Elmes. In *Gonsalves v. People of the Virgin Islands,* the Supreme Court found that the trial court properly allowed the prosecution to amend the Information, on the third day of trial, to include language referring to defendant's position of authority over his minor sexual assault victim. The Court determined that the defendant had adequate notice that the requisite aggravating factor alleged was the use of his position of authority over the victim on the charge of Second Degree Aggravated Rape in that the original Information clearly stated the familial relationship between father and daughter and gave no indication that the People planned to pursue an alternate theory of force or intimidation as the aggravating factor. 70 V.I. 812, 847 (V.I. 2019). The Court held the amendment permissible as no additional or new charges were added and the defendant had adequate notice of the allegation that he had used his position of authority over the victim, as the aggravating factor of crime charged in the Amended Information, such that he could not claim to be surprised by the amendment.

¶ 11    "A criminal information should be construed as a whole using common sense to interpret the information to include facts that are logically and rationally implied." *Id.* 70 V.I. at 844 (citing *Charles v. People,* 60 V.I. 823, 837 (V.I. 2014)). "In determining whether a defendant had been put on notice of the charges, sources in the information extrinsic to the specific count can be used

to determine whether the defendant was sufficiently apprised of the offense charged.'" *Id.* (emphasis in original) (citing *Charles*, 60 V.I. at 837-38).

¶ 12    In *Gonsalves*, the Supreme Court held that the "explicit language in the probable cause affidavit – which was attached to the information that initiated this prosecution – elucidated ample additional detail" that put the defendant on notice of the aggravating element of the crime charged that the People intended to pursue. *Id.* 70 V.I. at 848. "'Since the charging information and the probable-cause affidavit are filed together, they should be viewed in tandem to determine if they satisfy the goal of putting the defendant on notice of the crimes with which [he] is charged … so that [he] can prepare an appropriate defense.'" *Id.* (quoting *Woods v. State*, 980 N.E.2d 439, 443 (Ind. Ct. App. 2012).

¶ 13    By his Opposition, Elmes argues that the Amended Information expands the circumstances in which a jury might find him guilty, and that such expansion improperly deprives him of being provided notice of the charges against him in order to prepare his defense. Yet, Elmes has not articulated how his defense is prejudiced or "identified any defense he would have pursued" but for the amendment, or "how he would have changed his defense" if the amendment were disallowed. *Id.* 70 V.I. at 848-49. The original charging documentation alleges that Elmes fired shots at Marshal Clarke and at Lessroy Gumbs, that James Nathaniel and others were part of a group of persons engaged in the same altercation, and that Nathaniel brandished and fired a firearm during the incident. In view of the original Information and accompanying affidavit of Detective Fleming, Defendant Elmes could readily and reasonably infer that the People alleged that he and others, including James Nathaniel, acted in concert and aided and abetted each other in committing the crimes charged. To the extent that Elmes claims that the Information and accompanying affidavit, viewed jointly, fail to describe the manner by which he and Nathaniel allegedly aided

and abetted each other, "an information need not set forth the means by which the prosecution hopes to prove that the defendant committed the specified offense ... If a defendant is in need of more detail of the means encompassed in a particular count, a bill of particulars should be requested." *Id.* 70 V.I. at 844-45, n.21 (citing *Gov't of the V.I. v. Commissiong*, 706 F.2d 1172, 1181 (D.V.I. 1989).

¶ 14    Here, the facts set forth in the affidavit accompanying the original Information provided Defendant Elmes with sufficient notice that the People allege that he and others, including James Nathaniel, were acting in concert. As Elmes "had adequate notice of the crime charged in the amended information such that he was not surprised by the amendment," he is not prejudiced by the addition of the aiding and abetting element to Counts One, Three, Five and Seven of the First Amended Information. *Id.* 70 V.I. at 827.

¶ 15    Accordingly, on the basis of the foregoing, it is hereby

ORDERED that Plaintiff's Motion to Amend Information is GRANTED.

DATED: June 2, 2020.

DOUGLAS A. BRADY, JUDGE

ATTEST:
TAMARA CHARLES
Clerk of the Court

By: _____
Court Clerk Supervisor II
June 3, 2020