Clarence C. FRACE, Appellant,

v.

Harry E. RUSSELL, Superintendent, State Correctional Institution, Huntingdon, Pennsylvania.

No. 15252.

United States Court of Appeals Third Circuit.

Submitted Jan. 18, 1965.

Decided Feb. 19, 1965.

Clarence C. Frace, pro se.

James R. Marsh, Dist. Atty., Monroe County, Stroudsburg, Pa., Frank P. Lawley, Deputy Atty. Gen., Harrisburg, Pa., for appellee.

Before McLAUGHLIN, FORMAN and GANEY, Circuit Judges.

FORMAN, Circuit Judge.

Clarence C. Frace, an inmate of the State Correctional Institution, Huntingdon, Pennsylvania, sets forth in substance the following allegations in his application for a Writ of Habeas Corpus addressed to the United States District Court for the Middle District of Pennsylvania.

1. The Clerk of the Common Pleas Court of Monroe County, Stroudsburg, Pennsylvania, has failed to comply with his request of November 21, 1963 that he be sent all the records pertaining to his case.

2. On December 20, 1963, he was denied representation of counsel and a hearing by the Common Pleas Court of Monroe County, Pennsylvania, on his petition for a Writ of Habeas Corpus.

3. On January 14, 1964, he entered his application to the Superior Court of Pennsylvania for an appeal from the said order of the Common Pleas Court of Monroe County, which appeal was not scheduled for hearing until March 1, 1965. Representation of counsel was also requested at this time.

4. The delay in setting the said appeal for hearing and the failure to grant counsel were violative of his federal constitutional rights.

5. The Judge of the United States District Court for the Middle District of Pennsylvania with whom he had corresponded prior to filing his petition in that Court was prejudiced against him and should have been disqualified from hearing his federal habeas corpus application.

The District Court filed a memorandum on December 1, 1964 * in which it

* The memorandum is as follows:
"Clarence C. Frace, a prisoner at the State Correctional Institution, Huntingdon, Pennsylvania, has submitted, in forma pauperis, a document which he refers to as an application for writ of habeas corpus but which is in effect an application for writ of mandamus.

"Having appealed to the Superior Court of Pennsylvania from the denial of a petition for writ of habeas corpus in Monroe County, Pennsylvania, he asks this Court to interfere because appeals by other prisoners taken at about the same time, have been set for argument by the Superior Court at a considerable earlier date than his appeal. He wants this Court to 'intercede * * * in that he be granted a hearing.'

"This petition is a sequel to two replies of this Court (dated May 8, 1964 and June 22, 1964) to inquiries made by him.

characterized the application of Mr. Frace as one for mandamus to "intercede * * * in that he be granted a hearing" in the state court. By order of the same date it denied the application.

On December 31, 1964, Mr. Frace filed in this court an affidavit in forma pauperis and a paper entitled "Brief for Appeal." In the latter he alleged in substance the same grievances submitted in his application to the United States District Court for the Middle District of Pennsylvania and requested that this court issue a Writ of Habeas Corpus.

[1, 2] We shall treat his "Brief for Appeal" as a timely notice of appeal from the order of the District Court of December 1, 1964 denying his application for a Writ of Habeas Corpus and the Clerk of this court shall transmit it to the Clerk of the United States District Court for the Middle District of Pennsylvania for receiving and filing as of December 31, 1964. We shall also treat it as an application for a certificate of probable cause as required by 28 U.S.C. § 2253 which is granted. His "Affidavit in Forma Pauperis" will be treated as an application to appeal in forma pauperis which is likewise granted.

█ Mr. Frace's petition to the District Court was dated November 18, 1964. It was denied on December 1, 1964. The time between the filing on January 14, 1964 of his petition for appeal from the denial of his application for habeas corpus by the Common Pleas Court of Monroe County, and the date fixed by the Superior Court for hearing the appeal—March 1, 1965—though unusually long, was, at the date of the submission of this case merely six weeks away. Thus, the availability of a state forum in which his constitutional grievances may be raised is not now extraordinarily distant. Nor has Mr. Frace alleged any other facts from which it may be adjudged that he is excused from exhausting his post-conviction remedies provided by the laws of the State of Pennsylvania.

We need not express an opinion on the propriety of the District Court in regarding the petition for habeas corpus as an application for mandamus. It is here sufficient that it did not err in denying the application before it.

The accusations of prejudice against Judge Follmer are wholly without support.

The denial by the United States District Court for the Middle District of Pennsylvania of the application of Clarence C. Frace for a Writ of Habeas Corpus in its order of December 1, 1964, is affirmed.

---

The replies on May 8 and June 22, respectively, were:

"May 8, 1964

" 'Your inquiry concerning the possibility of this Court "accepting jurisdiction" in your case is acknowledged.

" 'Your letter indicates that you have an appeal pending in the Superior Court of Pennsylvania which has been listed for argument. The fact that your appeal has been listed for a hearing later than some other cases filed at about the same time is quite evidently due to your own decision not to comply with required notices. Under such circumstances you have not exhausted your State remedies and a petition in this Court would not be entertained.'

"June 22, 1964

" 'Reference is had to your further inquiry concerning the possibility of this Court accepting jurisdiction in your case.

" 'This matter was covered in our letter of May 8, 1964. If you insist upon filing a petition, of course, you may do so either by forwarding a filing fee or furnishing the necessary affidavit in forma pauperis. As already indicated, this Court, of course, will deny the petition.'

"There is, of course, no basis for removal of the action and this Court is without original mandamus jurisdiction as to the State Court, In re Henry V. Wolenski, 3 Cir., 324 F.2d 309 (1963).

"The application must be denied.

"December 1, 1964

s/s "FREDERICK V. FOLLMER
*United States District Judge*"