**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Herbert Darrell HAY,
Defendant-Appellant.**

No. 82-2490.

United States Court of Appeals,
Fifth Circuit.

April 11, 1983.

Herbert Darrell Hay, Huntsville, Tex., pro se.

James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

Following a nolo plea to a charge of simple assault by written communication, a misdemeanor under 18 U.S.C. § 113, Herbert Darrell Hay was sentenced to three months to run concurrently with a state-imposed life sentence. Hay attacked his conviction on direct appeal contending that the government reneged on one of the provisions of the plea agreement. We initially granted the government's motion to dismiss the appeal on the basis of mootness because the time imposed had elapsed and no meaningful consequence could result from reversal. Upon reconsideration, we were unable to conclude with certainty that the conviction would not have a deleterious effect upon Hay's possible parole on the state charge. Concluding that our dismissal of the appeal was premature, we reinstated the appeal and considered the merits. Upon that review, we found that Hay's complaint about the plea agreement had not been raised in the district court and was premised on matters outside the record. We affirmed the conviction. *United States v. Hay*, 685 F.2d 919 (5th Cir.1982).

Hay then filed a motion to vacate under 28 U.S.C. § 2255 complaining of: (1) a breach of the plea agreement, (2) a defective indictment, (3) a failure to prove the elements of the offense, (4) a conspiracy to secure his conviction, and (5) the inducement of his plea by subjecting him to illegal conditions of confinement at the county jail. Because Hay was no longer in federal custody, or in state custody subject to future federal custody, the district court denied the motion for lack of jurisdiction. Hay moved for reconsideration and for leave to appeal *in forma pauperis*. The motions were denied, the former on jurisdictional grounds and the latter on the basis of a failure to establish indigency. Pending the ruling on the § 2255 motion, Hay filed a motion for correction or reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure. This motion was denied as moot.

Hay then submitted an amended *in forma pauperis* declaration and leave to appeal was granted. Examining the filings in light of the fact that they were made *pro se,* and being guided by the relief sought, we find before us motions for post-conviction relief and for appointment of counsel.

### *Post-conviction Relief*

Because Hay has completed his sentence, relief is unavailable under 28 U.S.C. § 2255. *Puente v. United States,* 676 F.2d 141 (5th Cir.1982). Nor is relief

available under Rule 35 which with one exception not applicable here, normally does not permit "reexam[ination] [of] errors occurring at the trial or other proceedings prior to the imposition of sentence." *Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962). However, Hay launches a post-conviction attack upon his sentence which, although fully served, may still pose adverse effects. Accordingly, Hay is entitled to an opportunity to demonstrate sufficient detrimental collateral consequences to justify relief pursuant to a petition for writ of error *coram nobis.* 28 U.S.C. § 1651(a); *United States v. Morgan,* 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954); *United States v. Dellinger,* 657 F.2d 140 (7th Cir.1981). *See Puente v. United States.* In so holding we intimate no opinion as to whether Hay has satisfied or may be able to satisfy the requirements of the All Writs Statute.

When we reinstated Hay's direct appeal we noted the possibility that his federal sentence, although served, might exert an adverse impact on his eligibility for state parole. The record then before us was insufficient for a determination of that question. In particular, there was nothing in the record to indicate the policies and practices of the state parole authorities.

■ The record presently before us continues unchanged in that critical regard. We are still unable to ascertain the impact, if any, of the federal conviction on Hay's eligibility for parole in Texas. No pertinent facts have been adduced and no findings have been made. We cannot assume as a matter of law that all of the harmful effects of Hay's federal sentence dissipated upon completion of the sentence. *See Malloy v. Purvis,* 681 F.2d 736, 740 (11th Cir. 1982) (Wisdom, J., sitting by designation, specially concurring); *Harrison v. Indiana,* 597 F.2d 115 (7th Cir.1979). On direct appeal we declined to speculate as to any adverse effect; we decline to do so now. However, we do conclude that the dismissal for want of subject matter jurisdiction was inappropriate and that further proceedings are warranted.

Because of our disposition we need not address Hay's motion for appointment of counsel on this appeal.

The appeal is ordered docketed and the case is taken under submission. We now REVERSE and REMAND to the district court for further proceedings consistent herewith.