**UNITED STATES of America and Ichiro Hirose, Revenue Officer of the Internal Revenue Service, Petitioners–Appellees,**

v.

**Anne M. DOYLE, Respondent–Appellant.**

No. 87–6072.

United States Court of Appeals, Fifth Circuit.

Sept. 14, 1988.

Michael Louis Minns, Houston, Tex., for respondent-appellant.

David H. Peck, Thomas G. Norman, Sp. Asst. U.S. Attys., Houston, Tex., Michael L. Paup, Chief, William S. Rose, Jr., Robert L. Baker, Atty., Appellate Section, Dept. of Justice, Washington, D.C., for petitioners-appellees.

Before CLARK, Chief Judge, BROWN and JOLLY, Circuit Judges.

CLARK, Chief Judge:

The appellees, United States of America and Ichiro Hirose, Revenue Officer of the Internal Revenue Service, conditionally move this court to remand this proceeding to the United States District Court for the Southern District of Texas to permit appellees to move that court to dismiss the petition to enforce the Internal Revenue Service summons on the grounds that the information sought has been obtained from third-party sources. The condition expressed in said motion is that this court determine it has jurisdiction of the appeal in this case.

The jurisdictional issue turns on whether a timely appeal was taken from the order of the district court granting appellees' motion to compel production of documents and denying respondent's request for transactional or use immunity. That order was dated by the district judge and filed by the district clerk on July 15, 1987. It was docketed on July 17, 1987. On September 16, 1987, appellant filed a document styled "Notice of Intent to Appeal."

The appellees' assertion of lack of jurisdiction is premised on calculating the 60–day period allowed in Federal Rule of Appellate Procedure 4(a)(1) for appeals in which the United States is a party from July 15, 1987, the date of filing the judgment appealed from. This is incorrect. In *Harcon Barge Co., Inc. v. D & G Boat Rental, Inc.*, 746 F.2d 278 (5th Cir.1984), we held that timeliness is measured from the date of entry of the judgment on the docket sheet, not from its date of filing. The district court's docket sheet in this case shows that the order appealed from was not docketed until July 17, 1987.

Since no issue is raised as to the form of notice, we treat the "Notice of Intent to Appeal" filed on September 16, 1987, as a notice of appeal that complies with the requirements of Rule 4(a)(1).

The appellant asserts by way of affidavit attached to her brief that her attorney mailed the notice of intent to appeal to the clerk on September 2, 1987, covered by a letter which requested that a copy of the

duly filed notice be returned in a postage-paid envelope provided. Appellant also swears that steps were taken on September 10, 1987, to secure a transcript for use in the appeal and that the timing of this action was confirmed by a docket entry reflecting the district court's order holding-up the production of the transcript pending a further hearing.

■ The problem for appellant's contention in this civil case in which she was represented by counsel is that the timeliness of the act of filing with a district clerk is not subject to mail delay. *Lejeune v. Midwestern Ins. Co.*, 197 F.2d 149, 149–50 (5th Cir.1952). Federal Rule of Civil Procedure 5(b) permits service of pleadings of counsel opposite by mail and provides that mailing completes such service. Federal Rule of Appellate Procedure 25 permits filing with the clerk of an appellate court by mail, and provides that, except for briefs and appendices, the date of receipt of such mail controls. No such provision is made in the rules for accomplishing filing with a district clerk by mailing or receipt of mail. The rules contemplate that filing with a district clerk can only be accomplished by proof of the physical delivery of the document. Normally, this is acknowledged by the affixing of the clerk's file stamp thereon. *See Haney v. Mizell Memorial Hosp.*, 744 F.2d 1467, 1473 n. 5 (11th Cir.1984). Counsel's letter requesting the return of such verification evinces his understanding of the proper practice.

Rule 4(a)(1) allows no more than 60 days from the date of *entry* of an appealable order or judgment to *file* a notice of appeal. Even though appellees' contention as to the proper starting date for the period is incorrect, this requirement was not met. The period from July 17, 1987, to September 16, 1987, is 61 days, computed as provided in Federal Rule of Civil Procedure 6(a). None of the equitable variances mentioned in prior case law, involving circumstances completely beyond a party's control, apply in this case. *See e.g., Da'Ville v. Wise*, 470 F.2d 1364 (5th Cir.1973). This court is without jurisdiction of this appeal. The thirty-day period within which the district court could consider a motion to extend the time for appeal based on excusable neglect under Federal Rule of Appellate Procedure 4(a)(5) is long past.

The motion of appellees to remand this case to the United States District Court for the Southern District of Texas must be acted on by the district court, not this court. The appeal is

DISMISSED.