**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry COOPER, Defendant–Appellant.**

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Larry Vivien COOPER,
Defendant–Appellant.**

Nos. 88–2021, 88–2022
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 7, 1989.

Larry Cooper, Ashland, Ky., pro se.

Frances H. Stacy, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., Paula Offenhauser, Asst. U.S. Atty., Houston, Tex., for U.S. in No. 88–2021.

Larry Vivien Cooper, Ashland, Ky., pro se.

Frances H. Stacy, Paula M. Offenhauser, Asst. U.S. Attys., Houston, Tex., for U.S. in No. 88–2022.

Before GEE, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

We face a question of appellate jurisdiction. Specifically, we must determine whether Cooper filed a timely notice of appeal in either case before us. In 1967, Cooper pled guilty and received concurrent five-year sentences for conspiring to steal government property and theft of government property. That case, currently the subject of appeal No. 88–2021, was docketed No. CR–67–H–31 in the United States District Court for the Southern District of Texas. Cooper also pled guilty in 1967 to interstate transportation of a firearm from which the serial number had been removed. That case, before a different judge of the same court, was docketed No. CR–67–H–113, and Cooper received a two-year sentence to be served consecutively with his concurrent five-year sentences in No. CR–67–H–31. That second conviction is the concern of appeal No. 88–2022.

Cooper's sentences have long been served. Cooper, now in a Kentucky federal prison on a later conviction, filed two actions in the Southern District of Texas, seeking to overturn his 1967 convictions. Cooper and the district court both proceeded on the assumption that these were motions to vacate his previous convictions under 28 U.S.C. § 2255. However, since the sentences had already been served, his actions could not proceed under § 2255 and must be construed as petitions for writs of error *coram nobis*. *United States v. Hay*, 702 F.2d 572, 573–74 (5th Cir.1983).

Initially, we must consider whether a petition for writ of error *coram nobis* is a civil proceeding, subject to Fed.R.App.P. 4(a)(1)'s 60–day appeal period for civil cases to which the United States is a party, or a criminal proceeding, subject to Fed.R. App.P. 4(b)'s 10–day limit to appeal in a

criminal case. A footnote in an opinion by the Supreme Court spawned a circuit split. It read:

Such a motion [for writ of error *coram nobis* ] is a step in the criminal case and not, like habeas corpus where relief is sought in a separate case and record, the beginning of a separate civil proceeding. While at common law the writ of error *coram nobis* was issued out of chancery like other writs, the procedure by motion in the case is now the accepted American practice. As it is such a step, we do not think that Rule 60(b), Fed.Rules Civ. Proc., expressly abolishing the writ of error *coram nobis* in civil cases, applies. This motion is of the same general character as one under 28 U.S.C. § 2255.

*United States v. Morgan,* 346 U.S. 502, 505–06 n. 4, 74 S.Ct. 247, 249 n. 4, 98 L.Ed. 248 (1954) (citations omitted).

Judge Friendly argued that the Supreme Court's characterization of the writ as a step in the criminal case related only to the discussion of Rule 60(b), and that since the motion has "the same general character" as a § 2255 motion, it should be subject to the same civil rule for appeals. *United States v. Keogh,* 391 F.2d 138, 140 (2d Cir.1968). He noted that "[t]he policy considerations supporting prescription of a very short time for appeal in a criminal case are notably absent in *coram nobis.*" *Id.* Judge Bright took the Eighth Circuit in the opposite direction, applying the criminal appeal rules. *United States v. Mills,* 430 F.2d 526, 528 (8th Cir.1970), *cert. denied,* 400 U.S. 1023, 91 S.Ct. 589, 27 L.Ed.2d 636 (1971). The Ninth Circuit sided with the Eighth Circuit in a divided decision. *Yasui v. United States,* 772 F.2d 1496, 1499 (9th Cir.1985). Judge Sneed wrote for the majority, applying the 10–day criminal rule, while Judge Wallace dissented.

■ We conclude, with Judges Friendly and Wallace, that the 60–day period provided by Fed.R.App.P. 4(a)(1) should govern appeals in *coram nobis* cases. When the Supreme Court described *coram nobis* as "a step in the criminal case," it only sought to distinguish *coram nobis* from habeas

corpus. A *coram nobis* proceeding is brought in the sentencing court, like a § 2255 motion, while habeas corpus proceedings originate in the district of confinement. *See generally United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952) (discussing relation of § 2255 to habeas corpus). The § 2255 remedy has also been described as "a further step in the movant's criminal case and not a separate civil action.…" Advisory Committee Note, Rule 1, Rules Governing Section 2255 Proceedings. Nevertheless, "[a]ppeals from orders denying motions under Section 2255 are governed by the civil rules applicable to appeals from final judgments in habeas corpus actions." *Hayman,* 342 U.S. at 209 n. 4, 72 S.Ct. at 267 n. 4; *see also* Rule 11, Rules Governing Section 2255 Proceedings. "[T]o the extent a coram nobis motion is like a § 2255 motion, the former is also civil in nature.… [A] coram nobis motion is a step in a criminal proceeding yet is, at the same time, civil in nature.…" *United States v. Balistrieri,* 606 F.2d 216, 220–21 (7th Cir.1979), *cert. denied,* 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980); *see Yasui,* 772 F.2d at 1500 (Wallace, J., dissenting). Since the *coram nobis* motion is a civil proceeding "of the same general character as one under 28 U.S.C. § 2255," the same civil appeal rule of Fed.R.App.P. 4(a)(1) applies. Thus, Cooper had 60 days to file this appeal.

■ We next consider whether any of the papers filed by Cooper fulfill Fed.R. App.P. 3's requirements for a valid notice of appeal. In each case, Cooper filed a document entitled "Motion for Rehearing and Notice of Appeal." We have previously held that such a motion cannot be a valid notice of appeal because it does not "clearly evince[ ] the party's intent to appeal." *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987) (quoting *Cobb v. Lewis,* 488 F.2d 41, 45 (5th Cir.1974)). Thus, the documents Cooper intended as his notices of appeal will not suffice.

■ In this court, Cooper has filed a "Motion for Leave to Proceed In Forma Pauperis" in each case. We have previously held that such a motion "is the substan-

tial equivalent of a notice of appeal and is effective to invoke appellate jurisdiction." *Fischer v. United States Dep't of Justice*, 759 F.2d 461, 464 (5th Cir.1985); *see also Robbins v. Maggio*, 750 F.2d 405, 408–09 (5th Cir.1985). It might be argued that Cooper's IFP motions do not satisfy Fed.R. App.P. 3(c) because they do not "designate the judgment, order or part thereof appealed from." That argument was answered in *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In *Foman*, a second notice of appeal which did not specifically designate the order appealed from was held to be effective to bring up the merits of the dispute where the first, ineffective notice of appeal showed the order being appealed. *Id.* at 181, 83 S.Ct. at 229. Similarly, in this case, the orders being appealed, though not specified in Cooper's motions to proceed IFP, can be determined by looking to his first, attempted notices of appeal. Thus, Cooper had lodged the equivalent of a notice of appeal in each case at least as of January 22, 1988, when his IFP motions were file stamped by this court. *Cf. Houston v. Lack*, —— U.S. ——, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (prisoner's notice of appeal deemed filed at moment of delivery to prison officials for mailing). The fact the motions were filed with this court rather than the district court is not fatal. *Fischer*, 759 F.2d at 464; Fed.R. App.P. 4(a)(1).

■ The district court signed orders dismissing each of these proceedings on December 11, 1987. However, we measure the timeliness of a notice of appeal "from the date of entry of the judgment on the docket sheet, not from its date of filing." *United States v. Doyle*, 854 F.2d 771, 772 (5th Cir.1988); *see also Tulley v. Ethyl Corp.*, 861 F.2d 120, 123 (5th Cir.1988). In these cases, the dismissal orders were docketed on December 15, 1987. The January 22 IFP motions, construed as notices of appeal, fall within the 60–day time limit. Thus, if entry of the original dismissal is the controlling date, then Cooper's appeal in each case is timely.

That would end the inquiry except for the fact that Cooper's failed notices of appeal were also motions for rehearing. Under Fed.R.App.P. 4(a)(4), a notice of appeal filed before disposition of a timely motion under Fed.R.Civ.P. 59(e) to alter or amend a judgment "shall have no effect." With exceptions not relevant here, a motion for reconsideration served within 10 days is construed as a timely Rule 59(e) motion. *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 668 (5th Cir.) (en banc), *cert. denied sub nom. Southern Pacific Transportation Co. v. Harcon Barge Co.*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986); *see, e.g., Treuter v. Kaufman County, Texas*, 864 F.2d 1139, 1142 (5th Cir.1989). Thus, if Cooper's motions to reconsider were timely, then notices of appeal filed before the district court's May 1988 denial of reconsideration would be ineffective. However, we cannot determine the date on which Cooper served his motions for rehearing from this record. His pro se motions do not bear certificates of service.

We could assert jurisdiction and avoid a remand if Cooper's appellate briefs would serve as notices of appeal. Cooper filed his briefs within 60 days of the district court's orders denying his motions for reconsideration. Whether an appellate brief can serve as a notice of appeal has not previously been decided in this circuit. Indeed, we have found only two cases addressing the issue. In *Frace v. Russell*, 341 F.2d 901, 903 (3d Cir.1965), the Third Circuit accepted an appellate brief in lieu of a notice of appeal. In *Florida Women's Medical Clinic, Inc. v. Smith*, 706 F.2d 1172, 1173 (11th Cir.1983), on the other hand, the Eleventh Circuit refused to accept an appellate brief as a notice of appeal, giving two reasons for its decision:

> Appellant contends that it actually filed a notice of appeal in a timely manner, because its brief subsequently filed, set forth all of the facts which normally would be contained in a notice of appeal. Appellant cites no authority for the proposition that a court may eliminate entirely the requirement for the filing of a notice of appeal. Appellant's brief, filed in June, could not refer to the order

which is the final order in the trial court, dated July 15.

We cited *Frace* in *Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir.1974) as one example among several showing that the notice of appeal requirement can be satisfied by a document other than a formal notice of appeal. More recently, we cited *Florida Women's Medical Clinic* in two cases. In *Van Wyk El Paso Investment, Inc. v. Dollar Rent-a-Car*, 719 F.2d 806, 807 (5th Cir.1983), we interpreted the Eleventh Circuit's decision as rejecting "an appellate brief as a substitute for notice of appeal in a civil case." Similarly, in *Alamo Chemical Transportation Co. v. M/V Overseas Valdes*, 744 F.2d 22, 24 (5th Cir.1984), we cited *Florida Women's Medical Clinic* as holding "that the filing of a brief by the putative appellant does not constitute filing of a notice of appeal in a timely manner."

█ Faced squarely with the issue, we now determine that an appellate brief will not substitute for a notice of appeal, even if it otherwise meets the requirements of Fed.Rules App.P. 3 and 4. The Federal Rules of Appellate Procedure envision the notice of appeal and the appellate brief as two separate filings. To collapse the two into one would, as the Eleventh Circuit implied, "eliminate entirely the requirement for the filing of a notice of appeal." *Florida Women's Medical Clinic*, 706 F.2d at 1173.

Since Cooper's appellate briefs will not satisfy the notice of appeal requirement, our appellate jurisdiction depends on whether his IFP motions were effective substitutes for notices of appeal. That in turn depends on whether Cooper's motions for rehearing were timely motions under Rule 59(e) to alter or amend the judgments below. We cannot determine from this record whether those motions were served within ten days of the district court's original dismissal orders. We therefore remand to the district court for a factual determination. *See Fischer*, 759 F.2d at 465. If Cooper's rehearing motions were timely Rule 59(e) motions, then Cooper's IFP motions were premature and we have no jurisdiction.

REMANDED.

GEE, Circuit Judge, dissenting:

The majority holds that the time limit for civil appeals should apply to appeals from a denial of a writ of error *coram nobis* and that we must, therefore, remand this case to determine whether the defendant's rehearing motions were timely Rule 59(e) motions, depriving us of jurisdiction of this appeal. Because I believe that the proper time limit for an appeal from denial of such a writ is the time limit for criminal appeals, I respectfully dissent.

As the majority notes, there is currently a split of authority among the circuits on the issue of whether the time limit for appeals from a denial of a writ of error *coram nobis* is the same as the time limit governing civil appeals or the time limit governing criminal appeals. The Second Circuit has held that such appeals are subject to the rules governing civil appeals while the Eighth and Ninth Circuits have held that they are subject to the rules governing criminal appeals. See *United States v. Keogh*, 391 F.2d 138 (2nd Cir. 1968); *United States v. Mills*, 430 F.2d 526 (8th Cir.1970), *cert. denied*, 400 U.S. 1023, 91 S.Ct. 589, 27 L.Ed.2d 636 (1971) and *Yasui v. United States*, 772 F.2d 1496 (9th Cir.1985).

The majority notes that the Supreme Court has stated that a *coram nobis* proceeding is of "the same general character" as a § 2255 motion. Therefore, according to the majority, the time limit applicable to § 2255 proceedings—the civil time limit, should apply to *coram nobis* proceedings. Additionally, the majority cites with approval from *Keogh* in which the Second Circuit stated that "[t]he policy considerations supporting prescription of a very short time for appeal in a criminal case are notably absent in *coram nobis*." *Id.* at 140. I am unpersuaded by these arguments.

First, in addition to stating that a *coram nobis* proceeding is of "the same general character" as a § 2255 motion, the Supreme Court has also stated that "[s]uch a motion is a step in a criminal case." *United States v. Morgan*, 346 U.S. 502, 505–06, 74 S.Ct. 247, 249, 98 L.Ed. 248 n. 4, citations omitted. Consequently, it is impossi-

ble to determine from the Supreme Court's statement whether the civil or criminal time limits should apply.

Second, as the Ninth Circuit noted in *Yasui*

> We decline to apply the civil time limit by analogy to cases under 28 U.S.C. § 2255. That section establishes a special, statutory remedy with its own particular procedural requirements and limitations, and explicitly authorizes the taking of appeals as in habeas corpus cases. No such structure surrounds the *coram nobis* writ. The petitioner had no reason to rely on the time limit applicable to section 2255 proceedings.

*Id.* at 1499.

Further, neither the Second Circuit nor the majority states what policy considerations supporting a short appeal in criminal cases are absent in *coram nobis* proceedings and I am unable to conceive of any. On the contrary, I believe that the same policy considerations that support application of a short appeal time in criminal cases are equally present in *coram nobis* proceedings.