**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 11 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

GARY L. SNYDER, D.P.M.,

       Plaintiff-Appellant,

v.

JANICE J. SNYDER; JANE E.
KARDOKUS, Attorney; PATRICK
OWEN, Attorney; THOMAS LEVI,
Judge; individually; JAMES F.
MACRUM, Judge, individually;
MICHAEL L. BEIDA, Judge,
individually; JOHN P. LEOPOLD,
Judge, individually; ROBERT R.
GALLAGHER, JR., District Attorney,
individually; and PAULA J. SMITH,
Deputy District Attorney, individually,

       Defendants-Appellees.

GANNET COLORADO
BROADCASTING, INC., also known as
Gannet Broadcasting, Inc., a Colorado
corporation; PAULA WOODWARD;
and WARD LUCAS,

       Defendants.

No. 97-1081
(D.C. No. 94-B-2194)
(D. Colo.)

GARY L. SNYDER, D.P.M.,

       Plaintiff-Appellant,

v.

No. 97-1192
(D.C. No. 94-B-2194)
(D. Colo.)

THOMAS LEVI, Judge; individually;
JAMES F. MACRUM, Judge,
individually; MICHAEL L. BEIDA,
Judge, individually; JOHN P.
LEOPOLD, Judge, individually;

        Defendants-Appellees.

JANICE J. SNYDER; JANE E.
KARDOKUS, Attorney; PATRICK
OWEN, Attorney; ROBERT R.
GALLAGHER, JR., District Attorney,
individually; and PAULA J. SMITH,
Deputy District Attorney, individually,
GANNET COLORADO
BROADCASTING, INC., also known
as Gannet Broadcasting, Inc., a
Colorado corporation; PAULA
WOODWARD; and WARD LUCAS,

        Defendants.

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.

**No. 97-1081**

In No. 97-1081, plaintiff appeals the district court's order of February 12, 1997, adopting the report and recommendation of the magistrate judge to dismiss his case and enter sanctions against plaintiff. Plaintiff, proceeding pro se, filed suit under 42 U.S.C. §§ 1981 and 1983 against five state court judges, a district attorney and an assistant district attorney, plaintiff's ex-wife and her two attorneys, and two television news reporters and their employer, alleging defendants had violated his constitutional rights. Generally, plaintiff's allegations arose out of acrimonious divorce proceedings, and related garnishment and contempt proceedings, in state court. The allegations against the media defendants arose out of a story on "Runaway Fathers" that aired on a local television channel. All of the defendants, with the exception of the media defendants, who apparently were never served, filed motions to dismiss. The judicial defendants, as well as plaintiff's ex-wife and her attorneys, also sought sanctions against plaintiff under Fed. R. Civ. P. 11. The district court referred the various motions to the magistrate judge for recommendation.

-3-

The magistrate judge issued a lengthy report in which he recommended that the claims against the state court judges be dismissed on the grounds of absolute immunity. The magistrate judge also recommended, as a sanction against plaintiff under Rule 11, that the judges be awarded their costs and attorney fees for defending against plaintiff's frivolous claims. The magistrate judge concluded that plaintiff's claims against the district attorney and the assistant district attorney also should be dismissed, because plaintiff had made no allegations of personal involvement on the part of the district attorney and his allegations against the assistant district attorney related to actions she took in her prosecutorial capacity while pursuing contempt charges against plaintiff for failing to pay child support. The magistrate judge recommended dismissing plaintiff's claims against his ex-wife and her attorneys because they were not state actors, and plaintiff's allegations that they conspired with state actors were too conclusory to show state action on the part of the private individuals. Further, because plaintiff's federal claims against these private defendants were frivolous, the magistrate judge recommended that their request for Rule 11 sanctions against plaintiff be granted.

The final paragraph of the report and recommendation provided as follows:

> It is ORDERED that, pursuant to Fed. R. Civ. P. 72(b), any party objecting to the Recommendation in this matter shall, within ten days after service of this Recommendation, serve and file any written objections in order to obtain reconsideration by the District

> Judge to whom this case is assigned. Any objections must specifically identify those findings and recommendations to which the objections are being made. Failure to file a timely written objection will bar the parties from a *de novo* determination or appeal of the findings of fact, conclusions of law, and recommendations herein by the District Court Judge.

R. Vol. I, Doc. 31 at 15. The magistrate judge served the report and recommendation on the parties by mail on Thursday, January 23, 1997. Therefore, plaintiff's objections had to be filed with the district court by Monday, February 10. See, e.g., Lerro v. Quaker Oats Co., 84 F.3d 239, 241-42 (7th Cir. 1996) (discussing the computation of time for filing objections to a magistrate judge's report).

On Wednesday, February 12, the district court entered its order adopting the magistrate judge's report and recommendation. The court recited in its order that it had not conducted a de novo review of the magistrate judge's report and recommendation because "[t]he plaintiff has failed to file specific written objections to the recommendation." R. Vol. I, Doc. 32 at 1. The court ordered that all of plaintiff's claims be dismissed. The court also granted the motion for attorney fees and costs of the judicial defendants, and directed them to file their affidavits and billing statements in support within ten days. Likewise, the court granted the motion of the private individuals for Rule 11 sanctions, and directed them to file their affidavits and billing statements in support within ten days. A week later, on Wednesday, February 19, the district court received, but did not

-5-

docket, plaintiff's objections to the magistrate judge's report. Plaintiff filed his notice of appeal from the district court's order on Tuesday, February 25.

At the outset, we must determine whether plaintiff has waived appellate review. "This circuit has adopted a firm waiver rule under which a party who fails to make timely objection to the magistrate's findings and recommendations waives appellate review of both factual and legal questions." Talley v. Hesse, 91 F.3d 1411, 1412 (10th Cir. 1996). The waiver rule applies to a pro se litigant, so long as he "was properly informed of the consequences of his failure to object." Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996). Here, the magistrate judge properly informed plaintiff that he had to file specific written objections within ten days, and that his failure to do so would bar him from appealing the district court's findings of fact and conclusions of law. Therefore, unless plaintiff's objections were timely filed, he has waived appellate review of the district court's February 12 order.

On appeal, plaintiff contends that his objections *were* timely filed. Plaintiff states that he finished drafting the objections on Thursday, February 6, and mailed copies to the federal district court, in Denver, and to opposing counsel, on Friday, February 7. We note that the certificate of service on the objections contains a date of February 16, but plaintiff insists this is merely a typographical error and that the date should be February 6. The copy of the objections contained in the

-6-

record on appeal bears two stamps, which reflect the objections were both "received"and "filed" by the district court clerk's office on February 19. R. Suppl. Vol. I, Doc. 39 at 1. The clerk, however, did not make an entry on the docket concerning the objections until March 19, at which time the objections were docketed as having been filed on February 19. See R. Suppl. Vol. II, District Court Docket Sheet.

Plaintiff does not dispute that the district court clerk did not receive his objections until February 19, but he contends that they should be deemed timely filed because he mailed them before February 10. Mailing, however, does not constitute "filing" under the Federal Rules of Civil Procedure. Compare Fed. R. Civ. P. Rule 5(e) ("The filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court . . . ") with Fed. R. Civ. P. 5(b) (providing that service on a party, when made by mail, "is complete upon mailing"). "The rules contemplate that filing with a district clerk can only be accomplished by proof of the physical delivery of the document. Normally, this is acknowledged by the affixing of the clerk's file stamp thereon." United States v. Doyle, 854 F.2d 771, 773 (5th Cir. 1988); see also Chrysler Motors Corp. v. Schneiderman, 940 F.2d 911, 914 (3d Cir. 1991) ("A mailing in itself is not a filing."); Vogelsang v. Patterson Dental Co., 904 F.2d 427, 430 (8th Cir. 1990) (holding that pleading "must be *received* by the district court to be considered

filed"); Haney v. Mizell Mem'l Hosp., 744 F.2d 1467, 1472 (11th Cir. 1984) (holding that deposit of pleading in mail does not constitute filing).

The Supreme Court has recognized an exception to this general rule only for pro se litigants who are incarcerated. See Houston v. Lack, 487 U.S. 266, 270-76 (1988). Noting that "a large body of lower court authority" has held that actual receipt by the district court is necessary to constitute filing, id. at 274, the Court concluded that an exception should be made to this general rule for pro se prisoners, because they cannot monitor the receipt and filing of their pleadings by the clerk in the same fashion as other litigants, id. at 270-71.

> Unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped "filed" or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it.

Id. at 271.

Plaintiff, however, is not incarcerated. Plaintiff lives in the Denver metro area, and he had several methods by which he could have ensured that the court received and filed his objections on Monday, February 10. Having chosen to send

the objections by mail, plaintiff "assumed the risk of an untimely delivery and filing of [his objections.]" Bad Bubba Racing Prods., Inc. v. Huenefeld (In re Bad Bubba Racing Prods., Inc.), 609 F.2d 815, 816 (5th Cir. 1980) (quotation omitted).

Although we have recognized an exception to our general waiver rule "when the interests of justice so dictate," Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991), the record before us does not reflect that such an exception is warranted here. Although plaintiff's objections were due on Monday, February 10, he chose to put them in the mail on Friday, February 7, rather than use some other form of delivery more likely to insure their timely receipt by the district court. Further, upon receipt of the district court's February 12 order, which recited that plaintiff had not filed written objections to the magistrate judge's report, plaintiff made no attempt to draw the court's attention to the fact that he had filed objections or to ask the court to reconsider its order in light of his objections. See, e.g., Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991). Instead, plaintiff simply filed his notice of appeal from the district court's order. Finally, our review of the parties' briefs does not indicate that a review of plaintiff's claims on the merits is necessary to avoid manifest injustice. Therefore, we conclude that plaintiff has waived appellate review of the district

court's order of February 12, by failing to file timely written objections to the magistrate judge's report and recommendation.

**No. 97-1192**

In No. 97-1192, plaintiff appeals the district court's order of April 29, 1997, which set the amount of attorney fees and costs plaintiff owed the judicial defendants as a sanction under Rule 11. In accordance with the court's February 12 order, counsel for the judicial defendants filed her affidavit of fees and costs, with supporting documentation, on February 24, 1997. Counsel sought attorney fees in the amount of $4,302.50 and costs in the amount of $101.25. See Suppl. R. Vol. II, Doc. 33 at 4. Plaintiff filed no objection to counsel's affidavit, and the district court determined that the fees and costs sought were reasonable and proper. Therefore, the district court ordered that judgment be entered in favor of the judicial defendants in the amount of $4,403.75. On April 30, the clerk accordingly entered judgment against plaintiff in the amount of $4,403.75, "plus interest from date of entry of judgment at the legal rate of 6.06%." Id., Doc. 42 at 1.

Plaintiff raises three arguments on appeal: (1) the district court erred in assessing any attorney fees and costs against him; (2) the amount of fees and costs awarded was not reasonable; and (3) the clerk erred in adding interest to the judgment, because the district court's order did not mention interest. As we

discussed above, plaintiff has waived appellate review of the district court's February 12 order. Because that order contained the actual grant of fees and costs to defendants, we will not consider plaintiff's challenges to the grant of fees and costs on appeal. Nor will we consider plaintiff's challenges to the amount of fees and costs awarded, because plaintiff made no objection to the amount of fees or costs in the district court. See, e.g., Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992) (noting general rule that we will not consider an argument raised for first time on appeal).

We turn, then, to plaintiff's final argument: that the clerk erred in adding interest to the judgment for attorney fees and costs. By federal statute, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961. We have held that the mandate of § 1961 applies both to judgments for attorney fees, see Transpower Constructors v. Grand River Dam Auth., 905 F.2d 1413, 1423-34 (10th Cir. 1990), and to judgments for costs, see Wheeler v. John Deere Co., 986 F.2d 413, 415 (10th Cir. 1993). Therefore, the clerk of the district court properly included interest at the statutory rate on the judgment for attorney fees and costs.

Plaintiff having waived appellate review in **No. 97-1081**, the appeal is

**DISMISSED**.  The judgment of the district court in **No. 97-1192** is **AFFIRMED**.


Entered for the Court


Wade Brorby
Circuit Judge

-12-