IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50115
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SYLVIA MARIE SCOTT,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-92-CR-36-ALL-SS
--------------------

October 19, 1999

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Sylvia Marie Scott appeals the district court's denial of a

motion filed pursuant to Fed. R. Civ. P. 60(b) that attacked her

1992 sentence for possessing cocaine base with intent to

distribute and using or carrying a firearm during a drug-

trafficking crime.  Scott's motion, which indicated that it was

"not to be misconstrued as a motion filed under 28 U.S.C.

§ 2255," argued that evidence against her had been obtained in

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

violation of the Fourth Amendment. The district court denied the motion, holding that it was "an inappropriate use" of Rule 60.

At the court's request, the parties briefed whether Scott's notice of appeal was timely. Both Scott and the Government argue that Scott's appeal was governed by Fed. R. App. P. 4(a)(1)(B), which provides 60 days in which to appeal in civil cases involving the United States. We agree. <u>Cf.</u> Rule 11, Rules Governing § 2255 Proceedings; <u>United States v. Miramontez</u>, 995 F.2d 56, 58 (5th Cir. 1993) (holding that a federal convict's petition for grand jury transcripts, coming long after his conviction, was civil); <u>United States v. Cooper</u>, 876 F.2d 1192, 1194 (5th Cir. 1989) (holding that a petition for a writ of error coram nobis was subject to the 60-day period). Under Rule 4(a)(1)(B), Scott's notice of appeal was timely.

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. <u>Halicki v. Louisiana Casino Cruises, Inc.</u>, 151 F.3d 465, 470 (5th Cir. 1998), <u>cert. denied</u>, 119 S. Ct. 1143 (1999). Scott seeks to challenge her criminal conviction via a freestanding Rule 60(b) motion. Rule 60(b) is a rule of civil procedure designed to facilitate challenges to errors in civil judgments. The rule has no application to criminal convictions. <u>See</u> <u>United States v. Breit</u>, 754 F.2d 526, 530 (4th Cir. 1985) (noting that "there is no provision similar to [Rule] 60(b) for relief after final judgment or order in effect for federal criminal cases").

Scott argues that some courts have upheld the use of Rule 60(b) motions to attack criminal convictions. The cited

cases, such as United States v. Jerry, 487 F.2d 600 (3d Cir. 1973), do not recognize this type of use of Rule 60. Instead, most stand for the proposition "that **interlocutory orders** of district courts remain subject to vacation or modification until judgment is entered upon them." Breit, 754 F.2d at 530 (emphasis added). Because Scott's conviction has long been final, these cases offer her no support. Scott's citation of United States v. Clark, 984 F.2d 31, 34 (2d Cir. 1993), is also of no aid to her; Clark did not involve a freestanding Rule 60(b) motion but a Rule 60(b) motion that asked a district court to reconsider its recent denial of a § 2255 motion.

Scott's Rule 60(b) motion was an obvious attempt to circumvent the prohibition within the Antiterrorism and Effective Death Penalty Act (AEDPA) against filing successive § 2255 motions. "'Rule 60(b) cannot be used to circumvent restraints on successive [motions]. This was true before [AEDPA] was enacted, and it is equally true, if not more so, under the new act.'" United States v. Rich, 141 F.3d 550, 553 (5th Cir. 1998), cert. denied, 119 S. Ct. 1156 (1999) (citation omitted). The district court committed no abuse of discretion when it concluded that Scott's motion was "an inappropriate use" of Rule 60(b).

AFFIRMED.