IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31057
Summary Calendar
_____

DARREL A. BRAUN,

Plaintiff-Appellant,

v.

CHIEF EXECUTIVE OFFICER DEPARTMENT OF ENERGY;
EDWIN W. EDWARDS, Governor;
J. BENNETT JOHNSTON, Senator,

Defendants-Appellees.

_____

DARREL A. BRAUN,

Plaintiff-Appellant,

v.

KESSLER CORP., Invention Service Corp.;
U.S. PATENT OFFICE, Washington, D.C.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 94-CV-3422-C, 94-CV-3423-C
--------------------
August 31, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

        Darrel A. Braun appeals after postjudgment relief was denied

in these proceedings brought under 42 U.S.C. § 1983.  Braun has

_____

        * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

also filed several motions in connection with his appeal, including a motion to supplement the record on appeal, a motion to stay proceedings in this court, a motion to compel attachment of civil actions, a motion to attach records on appeal, and a motion to consolidate appeals. Those motions are DENIED, as are all other outstanding motions.

Although Braun's "Notice of Appeal [and] Request to Re-Open by Claiming Rights of Pre-Destined Fate by Acts of God" was ineffective as a notice of appeal, see United States v. Cooper, 876 F.2d 1192, 1194 (5th Cir. 1989), his motion for leave to appeal in forma pauperis (IFP), filed in the district court, was the substantial equivalent of a notice of appeal and was effective to invoke the appellate jurisdiction of this court. See Robbins v. Maggio, 750 F.2d 405, 408-09 (5th Cir. 1985). Even though Braun's IFP motion was filed more than 30 days after the entry of the district court's final judgment and therefore did not confer appellate jurisdiction over that judgment, it did confer appellate jurisdiction over three postjudgment orders: (1) the magistrate judge's order denying Braun's motion for copies of the case records; (2) the district court's subsequent order denying Braun's request for review of that particular order of the magistrate judge; and (3) the district court's order denying Braun's "Motion to Delete Rules of Presented 42 U.S.C. § 1983 (Form) . . . ."

In his appellate brief, Braun fails to point to any error in the entry of those three postjudgment orders. A party's failure to identify any error on the part of the district court is the

same as if the party had not even appealed.  See <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).  Braun has provided no grounds for reversal.

MOTIONS DENIED; AFFIRMED.