IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50671
Summary Calendar
_____

MICHAEL EDWARD DERRY,

                                        Plaintiff-Appellant,

versus

FNU CARR; FNU KINKER,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-57
---------------------
May 4, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:*

     Michael Edward Derry, Texas state prisoner #630520, appeals
the district court's dismissal without prejudice of his pro se 42
U.S.C. § 1983 civil rights action against Warden Kinker and
Assistant Warden Carr of the Dominguez State Jail Facility.

     This court must examine the basis of its jurisdiction on its
own motion if necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th
Cir. 1987).  A timely filed notice of appeal is a jurisdictional
prerequisite to appellate review.  Dison v. Whitley, 20 F.3d 185,
186 (5th Cir. 1994).

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Derry's "'Motion To Re-open' 'Motion For An Appeal'" was not a sufficient notice of appeal, as it did not clearly evince Derry's intent to appeal.  See Mosley, 813 F.2d at 660.  The motion attempted to justify Derry's failure to respond to the district court's order, was accompanied by new evidence, and asked the district court to grant his motion to reopen and motion for an appeal.  The motion did not state that Derry sought to appeal to this court; in fact, Derry's only references to an appeal were in his descriptions of the pleading as a motion to reopen and a motion for an appeal.

Moreover, Derry's motion sought both reconsideration of the district court's judgment and an appeal.  See id.; see also United States v. Cooper, 876 F.2d 1192, 1194 (5th Cir. 1989) (holding that a document entitled "Motion for Rehearing and Notice of Appeal" did not clearly evince the intent to appeal), abrogated in part on other grounds by Smith v. Barry, 502 U.S. 244, 247-49 (1992).  This appeal is DISMISSED FOR LACK OF JURISDICTION.