# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2010

Charles R. Fulbruge III
Clerk

No. 09-30148
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

STEPHANIE R JONES

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CR-20038-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Stephanie R. Jones appeals the district court's denial of her petition for writ of error *coram nobis*. The appeal is DISMISSED, because Jones did not file a timely notice of appeal.

I.

In 2005, Jones was convicted of theft of government property valued at $1,000 or less, in violation of 18 U.S.C. § 641. She was sentenced to six months

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30148

of imprisonment and a one-year term of supervised release. She completed her prison term and began serving her term of supervised release on January 27, 2006. Her supervised release term was terminated by court order on September 27, 2006.

On March 7, 2008, Jones filed a petition for writ of error *coram* nobis. The district court denied the petition on March 24, 2008. On May 21, 2008, Jones filed a motion for reconsideration, which the district court denied on June 6, 2008. About eight months later, on February 3, 2009, Jones filed a second motion for reconsideration, which was denied by the district court on February 9. Jones filed her notice of appeal on February 20, 2009.

## II.

A writ of *coram nobis* "is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction in circumstances where the petitioner can demonstrate civil disabilities as a consequence of the conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *Santos-Sanchez v. United States*, 548 F.3d 327, 331 (5th Cir. 2008) (quoting *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004)). A *coram nobis* motion is a civil proceeding, subject to Federal Rule of Appellate Procedure 4(a)(1)(B)'s 60-day appeal period for civil cases to which the United States is a party. *United States v. Cooper*, 876 F.2d 1192, 1194 (5th Cir. 1989), *abrogated on other grounds by Smith v. Barry*, 502 U.S. 244 (1992).

Jones argues that the district court erred by denying her petition for writ of error *coram nobis*. "This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement [and courts have] . . . no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

No. 09-30148

The district court denied Jones's petition for writ of error *coram nobis* on March 24, 2008. Jones filed a motion for reconsideration on May 21, 2008. Under the version of Federal Rule of Civil Procedure 59(e) and Federal Rule of Appellate Procedure (4)(a)(4)(A) in effect at that time, Jones's motion for reconsideration was filed too late (more than ten days after the entry of judgment) to toll the time for filing a notice of appeal until the district court entered an order disposing of the motion. Even under the amended version of those rules that took effect on December 1, 2009, the motion was filed too late (more than 28 days after the entry of judgment) to toll the period for filing a notice of appeal. Accordingly, Jones's notice of appeal, filed nearly eleven months after the district court denied her petition, was untimely, and this court does not have jurisdiction to consider her challenge to the district court's denial of her petition for *coram nobis* relief.

Because Jones did not file a timely notice of appeal, her appeal is DISMISSED for lack of jurisdiction. All pending motions are DENIED.