**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 8, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MICHELLE WARNER,

      Plaintiff - Appellant,

v.

ED BOZARTH CHEVROLET,

      Defendant - Appellee.

No. 13-1297
(D.C. No. 1:13-CV-01211-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Michelle Warner brought a suit in the District of Colorado alleging gender discrimination against her former employer. Her original complaint, however, contained no factual allegations at all and was deficient in a number of other regards. Her motion for leave to proceed in forma pauperis was similarly incomplete. The magistrate judge ordered Ms. Warner to correct her complaint and motion by June 7, 2013. The district court never received any correction.

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

And so on June 10, 2013 it dismissed her complaint without prejudice and certified that any appeal would not be taken in good faith.

Ms. Warner argues that she submitted an amended complaint on June 7, 2013, via facsimile and should not be responsible if the district court never received her transmission. The District of Colorado provides that "[a] pleading or paper . . . may be filed with the clerk by means of facsimile." D. C. Colo. L. Civ. R. 5.1(B). But generally speaking when it comes to facsimiles, "actual receipt by the district court is necessary to constitute filing." *Snyder v. Snyder*, 1998 WL 58175, at *3 (10th Cir. 1998) (unpublished).

While we allow exceptions for incarcerated prisoners from the general rule that the district court must receive a pleading for it to be filed, Ms. Warner is free and had several methods to ensure that the district court received and filed her pleadings. And even if she could benefit from the mailbox rule, Ms. Warner still fails to demonstrate that she submitted her facsimile properly. *Cf. Sorrentino v. I.R.S.*, 383 F.3d 1187, 1188-89 (10th Cir. 2004) (mailbox rule requires proof of mailing of a properly addressed communication); *see also Cress v. Shinseki*, 2013 WL 4482611, at *1 (Vet. App. Aug. 22, 2013) (unpublished) ("It is not at all clear that documents submitted via facsimile or other modern means of transference are subject to a modified version of the mailbox rule. Even assuming that they are, however, the presumption created by the mailbox rule does not attach unless evidence is submitted that demonstrates proof of mailing, such as an independent

proof of a postmark, a dated receipt, or evidence of mailing apart from a party's own self-serving testimony.") (internal quotations omitted). In choosing to fax in her pleadings at the last minute — without any cover sheet, time stamp, or certificate of service — Ms. Warner "assumed the risk of an untimely delivery and filing." *Bad Bubba Racing Prods., Inc. v. Huenefeld (In re Bad Bubba Racing Prods., Inc.)*, 609 F.2d 815, 816 (5th Cir. 1980).

Ms. Warner's motion to proceed in forma pauperis is denied and the judgment of the district court is affirmed. Ms. Warner is reminded of her obligation to pay the filing fee in full.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge