# 19-IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10623
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 12, 2019

Lyle W. Cayce
Clerk

STEVEN BREWER,

Petitioner−Appellant,

versus

UNITED STATES OF AMERICA,

Respondent−Appellee.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:18-CV-978

Before SMITH, HIGGINSON, and DUNCAN, Circuit Judges.

PER CURIAM:*

Steven Brewer, federal prisoner #24281-077, moves to proceed *in forma*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*pauperis* ("IFP") in his appeal of the dismissal of his "Petition for Judicial Notice." The district court denied his IFP motion and certified that the appeal was not taken in good faith. By moving for IFP status, Brewer challenges the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The essence of a *pro se* prisoner's pleading controls how that pleading is characterized. *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983). Brewer must have statutory authority to bring his petition in federal court. *See Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). He does not. The district court lacked jurisdiction to consider his petition under Federal Rule of Evidence 201. The district court lacked jurisdiction to consider the petition if it was construed as a 28 U.S.C. § 2255 motion or a 28 U.S.C. § 2241 petition. *See United States v. Hay*, 702 F.2d 572, 573 (5th Cir. 1983); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The petition also fails to satisfy the requirements for the "extraordinary" writ of *coram nobis*. *See Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996); *United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989).

Accordingly, Brewer's petition "is a meaningless, unauthorized motion" that the district court was without jurisdiction to entertain. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Because Brewer has failed to show that this appeal involves legal points arguable on their merits, *see Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983), the IFP motion is denied. The appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.