# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2022

Lyle W. Cayce
Clerk

No. 21-10309
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BIN YANG,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CR-62-1

Before KING, HIGGINSON, and WILLETT, *Circuit Judges*.

PER CURIAM:*

Bin Yang was convicted in 2005 of assault on an airline flight attendant, in violation of 18 U.S.C. § 113 and 49 U.S.C. § 46506. She was sentenced to five years of probation and ordered to pay a $2,500 fine. In 2021, Yang filed a pro se motion to vacate her conviction, which the district

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-10309

court denied.   On appeal, Yang reasserts that her attorneys rendered ineffective assistance, that she is innocent, and that her conviction prevents her participating in training programs and pursuing her chosen medical career.

Because Yang's motion sought to challenge her conviction, federal courts would ordinarily treat such a motion as a 28 U.S.C. § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005).   However, because Yang is no longer serving her term of probation, her motion is properly characterized as a petition for a writ of error coram nobis.   *See United States v. Cooper*, 876 F.2d 1192, 1193 (5th Cir. 1989), *abrogated on other grounds by Smith v. Barry*, 502 U.S. 244 (1992).

Treating Yang's motion as such a petition, we conclude that the district court rightly denied relief.  To be entitled to coram nobis relief, Yang was required to establish "both that [she] is suffering civil disabilities as a consequence of the criminal conviction and that the error involved in [her] conviction is of the most fundamental character—that is, error that has resulted in complete miscarriage of justice." *United States v. Bruno*, 903 F.2d 393, 396 (5th Cir. 1990) (internal quotation marks and citations omitted). "The writ will issue only when no other remedy is available and when sound reasons exist for failure to seek appropriate earlier relief."   *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (internal quotations marks, brackets, and citation omitted).  A coram nobis petition may not be used to litigate claims that reasonably could have been raised in a § 2255 motion. *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004).

Yang's claims of ineffective assistance of counsel could have been raised in a § 2255 motion as she previously would have been aware of her 1997 head injury, the circumstances surrounding her guilty plea, and her trial attorney's alleged failure to investigate. *See Esogbue*, 357 F.3d at 535.  Yang

2

also asserts that she is actually innocent because she did not have the physical strength to assault the flight attendant due to her head injury. However, Yang's assertion directly contradicts the statements made in the signed factual resume underlying her guilty plea, which she acknowledged were "true and correct." Accordingly, Yang has not shown that her conviction constitutes a "complete miscarriage of justice." *Bruno*, 903 F.2d at 396.

AFFIRMED.